**Donald OWENS, Plaintiff–Appellant,**

v.

**Gregory NAYLOR, M. D.,
Defendant–Appellee.**

No. 00–1510.

United States Court of Appeals,
Sixth Circuit.

Aug. 21, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

Donald Owens appeals a district court grant of summary judgment for defendant in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Owens filed his complaint in the district court alleging that he has not received adequate medical treatment for chronic liver disease. Plaintiff named as defendant a prison physician and sought compensatory and punitive damages. Defendant moved to dismiss the complaint for failure to exhaust administrative remedies, and plaintiff responded in opposition and moved for summary judgment. The magistrate judge recommended that defendant's motion to dismiss be denied, and defendant filed objections. After defendant filed a supplemental pleading, the district court adopted the magistrate judge's recommendation and denied defendant's motion to dismiss. Defendant moved for reconsideration, which the district court denied.

Thereafter, defendant moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. The magistrate judge recommended that defendant's motion for summary judgment be granted, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and granted summary judgment for defendant. Plaintiff moved for reconsideration, which the district court denied.

On appeal, plaintiff contends that a genuine issue of material fact remains for trial with respect to whether he received constitutionally inadequate medical treatment, and contends that defendant is not entitled to qualified immunity in this case. Defendant responds that: (1) plaintiff's complaint should have been dismissed for plaintiff's failure to exhaust available administrative remedies; (2) plaintiff did not show deliberate indifference to his serious medical needs; and (3) defendant is entitled to qualified immunity.

Upon consideration, we vacate the district court's judgment, and remand the case for a dismissal without prejudice because it is undisputed that plaintiff did not exhaust available administrative remedies before filing suit. Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a § 1983 action in federal court. *See Booth v. Churner,* 531 U.S. 956, 121 S.Ct. 1819, 1822–25, 149 L.Ed.2d 958 (2001); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998). The prisoner has the burden of demonstrating exhaustion of any remedies. *See Brown,* 139 F.3d at 1104. Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *Id.* Although money damages may not be available through the prison grievance process, prisoners must still exhaust administrative remedies where the prison has an administrative system that will review complaints. *See Booth,* 532 U.S. 731, 121 S.Ct. at 1819, 1822–25; *Freeman v. Francis,* 196 F.3d 641, 643 (6th Cir.1999); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999). The administrative exhaustion requirement applies to actions filed after the April 26, 1996, effective date of the Prison Litigation Reform Act, *see Brown,* 139 F.3d at 1104, but prisoners are required only to substantially comply with this requirement where the events giving rise to claims occurred before the effective date. *See Wolff v. Moore,* 199 F.3d 324, 327–29 (6th Cir.

1999); *Wyatt*, 193 F.3d at 879–80. The prisoner must exhaust his remedies as to all claims arising from confinement, including excessive force, equal protection, and other constitutional claims. *See Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir.1999); *Freeman*, 196 F.3d at 643–44. To establish exhaustion of administrative remedies prior to filing suit, a prisoner should attach to the § 1983 complaint any decision demonstrating the administrative disposition of his claims. *See Wyatt*, 193 F.3d at 878; *Brown*, 139 F.3d at 1104. Finally, it is noted that a district court may dismiss a complaint if the claims are frivolous or fail to state a claim upon which relief can be granted despite a failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(c)(2); *Brown*, 139 F.3d at 1103.

■ Here, it is clear that plaintiff did not exhaust any administrative remedies regarding his claim. Further, plaintiff stated a claim upon which relief can be granted. Because plaintiff did not make a good faith effort to provide the prison administration with notice of his complaint, *see Wolff*, 199 F.3d at 327; *Wyatt*, 193 F.3d at 880, the district court's judgment must be vacated, and the case must be remanded to the district court for a dismissal of plaintiff's complaint without prejudice. *See Hartsfield*, 199 F.3d at 310; *Freeman*, 196 F.3d at 645.

For the foregoing reasons, the district court's judgment is vacated, and the case is remanded to the district court for a dismissal of plaintiff's complaint without prejudice. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.