**Donald OWENS, Plaintiff–Appellant,**

v.

**Gregory NAYLOR, M.D., Defendant–Appellee.**

**No. 03–1055.**

United States Court of Appeals, Sixth Circuit.

July 31, 2003.

---

Before KENNEDY, GILMAN, and GIBBONS, Circuit Judges.

### ORDER

Donald Owens, a pro se Michigan state prisoner, appeals a district court judgment granting summary judgment for defendant in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 18, 1999, Owens filed suit against Gregory Naylor, M.D. (then a physician at the Egeler Correctional Facility in Jackson, Michigan), alleging that he had not received adequate medical treatment for chronic liver disease. The district court granted defendant Naylor summary judgment. This court vacated the district court's judgment and remanded the case for dismissal without prejudice because Owens had not exhausted his available administrative remedies before filing suit. *Owens v. Naylor*, 18 Fed.Appx. 276 (6th Cir.2001). On September 14, 2001, the district court vacated its grant of summary judgment and dismissed the case without prejudice.

On October 5, 2001, Owens began the mandatory grievance procedure in an effort to exhaust his administrative remedies. On March 22, 2002, Owens filed the present complaint generally alleging that defendant Naylor terminated his treatment with interferon for Hepatitis C in November 1994, and again denied him treatment in 1997. The magistrate judge recommended that Owens's complaint be dismissed for failure to comply with the governing statute of limitations. The district court adopted the magistrate judge's report and recommendation over Owens's objections.

In his timely appeal, Owens contends that his complaint is not barred by the applicable statute of limitations.

The district court's grant of a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is a question of law subject to de novo review. *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 901 (6th Cir.2003). The court must review the complaint in the light most favorable to Owens, accept his factual allegations as true, and determine whether Owens undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998). The court need not accept as true legal conclusions or unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987).

The statute of limitations bars this action. Owens claims that defendant Naylor terminated his treatment with interfer-

on for Hepatitis C in November 1994, and again denied him treatment in 1997. A civil rights complaint filed pursuant to 42 U.S.C. § 1983 is subject to a three-year limitation period in Michigan. *Carroll v. Wilkerson,* 782 F.2d 44, 45 (6th Cir.1986). The cause of action accrued when Owens knew or had reason to know of the injury that is the basis of his action. *Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir.1996). Thus, in order for the claim to have been timely filed, Owens should have filed it during the year 2000. He did not do so. Rather, Owens filed his complaint in March of 2002.

▮ To the extent that Owens argues that he is entitled to equitable tolling, he is mistaken. In the first instance, Owens waived his right to appeal the issue of equitable tolling. A party who does not file timely objections to a magistrate judge's report and recommendation, after being advised to do so, waives his right to appeal. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981); *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Not only must the objections be timely, they must also be specific. *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). In his objections to the magistrate judge's report and recommendation, Owens expressly indicated that he was not claiming equitable tolling. Thus, Owens waived his right to appeal the issue of equitable tolling. In addition, equitable tolling does not apply in this case because Owens did not claim that he was ignorant of the filing requirement. Thus, he fails to qualify for equitable tolling. *See Dunlap v. United States,* 250 F.3d 1001, 1008–09 (6th Cir.), *cert. denied,* 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001). Finally, while the statute of limitations is tolled during the period of exhaustion, *Brown v. Morgan,* 209 F.3d 595, 596–97 (6th Cir. 2000), in this case, the statute of limitations expired in 2000, prior to Owens filing a grievance.

Accordingly, the district court's judgment is hereby affirmed for the reasons set forth in the magistrate judge's report and recommendation of November 29, 2002, as adopted by the district court in its order and judgment of December 23, 2002. Rule 34(j)(2)(C), Rules of the Sixth Circuit.