File Name: 05a0293n.06
Filed: April 18, 2005

NOT RECOMMENDED FOR PUBLICATION

No. 03-5871

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT


| | |
|---|---|
| WOODMEN OF THE WORLD/OMAHA WOODMEN LIFE INSURANCE SOCIETY, | ) ) |
| | ) ON APPEAL FROM THE UNITED |
| Plaintiff-Appellant, | ) STATES DISTRICT COURT FOR THE |
| | ) WESTERN DISTRICT OF KENTUCKY |
| v. | ) |
| | ) |
| GARY M. SCARBRO, | ) |
| | ) |
| Defendant-Appellee. | ) |


BEFORE: NORRIS and DAUGHTREY, Circuit Judges, and OLIVER, District Judge.[*]

PER CURIAM. The plaintiff, Woodmen of the World/Omaha Woodmen Life Insurance Society, appeals from the district court's order granting summary judgment to the defendant, Gary Scarbro, in an action filed by the insurance company seeking to force Scarbro to arbitrate a dispute under an insurance contract previously entered between the parties. The district court found that the amount in controversy was insufficient to establish subject matter jurisdiction in federal court and entered an order of dismissal. For the reasons stated below, we reverse and remand.

Gary Scarbro and his wife, Shirley Ann Scarbro, took out a $20,000 life insurance policy on

---

[*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Shirley's life from Woodmen of the World Life Insurance Society on April 30, 1999. The application was completed and approved by Terry D. Nuckols, an authorized insurance agent, who was assured by the Scarbros the information supplied in the application was complete and proper. However, when Shirley Scarbro died four months later, on August 28, 1999, the insurance company determined that the information provided in the application was, in fact, inaccurate, and on January 18, 2000, the company denied payment on the policy based on material misrepresentations in the application.

In January 2003, after his attempts to secure payment of the claim had failed, Scarbro filed suit against the insurance company in state court seeking damages in the face amount of the policy – $20,000, plus interest – as well as compensation for mental anguish and for loss of business income, attorneys' fees, and punitive damages.[1]  In response, the insurance company filed this declaratory judgment action in federal court, requesting a ruling that Scarbro must submit the claim to arbitration. Scarbro then filed a motion to dismiss in this action, contending that the district court lacked jurisdiction over this case because the amount in controversy is less than $75,000. Plaintiff opposed the motion to dismiss, claiming that the value of the underlying state court litigation was relevant to the federal declaratory judgment action. Plaintiff attached the state court complaint along with a letter sent by counsel for defendant to plaintiff prior to the filing of the state court lawsuit indicating that if plaintiff did not pay $20,000 under the policy, defendant would by law be entitled to additional relief, including attorney fees and punitive damages.

The district court held that it did lack subject matter jurisdiction, although its reasoning

---

[1]  The state action has been stayed pending resolution of the federal court litigation.

differed from that urged by defendant in his motion to dismiss. As the court pointed out, the Declaratory Judgment Act, 28 U.S.C. § 2201, under which plaintiff sought relief, does not provide for its own subject matter jurisdiction; a plaintiff must establish either diversity or federal question jurisdiction before a district court can consider a request for a declaratory judgment. Neither party disputed that this case involves diverse citizenship under 28 U.S.C. § 1332; however, defendant Scarbro, while acknowledging that the state court action was relevant to the determination of damages, contended that diversity jurisdiction was lacking because he had not specified that he was seeking an amount over $75,000 in his state court complaint.

The Supreme Court has found that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347 (1977). It is generally agreed in this circuit that the amount in controversy should be determined "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Buckeye Recyclers v. Chep USA,* 228 F.Supp.2d 818, 821 (S.D. Ohio 2002); *see Pennsylvania R. Co. v. City of Girard,* 210 F.2d 437 (6th Cir. 1954); *Goldsmith v. Sutherland,* 426 F.2d 1395, 1398 (6th Cir. 1970); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3708 (3d ed. 1998). Thus, the district court determined that the value of the object of the present litigation is the value to the insurance company of having Scarbro's claims against it arbitrated in accordance with its "Problem Resolution Procedure," as opposed to having the claims decided by the state court. Following this reasoning, the district court determined that because the company had not "adduce[d] any evidence that the value to it of having this matter arbitrated is greater than $75,000," it had failed to "satisfy the threshold jurisdictional amount" and, accordingly, the district court dismissed

the action for lack of subject matter jurisdiction.

The district court noted that it "consider[ed] that the face value of the policy at issue is only $20,000," but also declared in a footnote that the value of the underlying state claim was "irrelevant" in that the "value of the object of this litigation is measured solely by the economic value to Woodmen of having the claims against it arbitrated." (R. 6 Memorandum Opinion and Order, Apx. p. 100.) However, the value of the underlying state claim is not irrelevant to this litigation, given that it is this litigation that led the plaintiff to seek a declaratory judgment in the first place. The insurance company noted Scarbro's state claim in its federal complaint, and specified the types of damages Scarbro sought in the state lawsuit in indicating that the value of its federal claim was in excess of $75,000, plus interest and costs. The true value of arbitration, the "object" of this litigation, cannot be determined without reference to the potential cost of the state claim to the insurance company. While it is clear that plaintiff only stands to lose $20,000 in arbitration, if Scarbro avoids arbitration and is successful in the underlying litigation, the value of that litigation would be the extent of plaintiff's liability. Therefore, in determining the value of the object of the federal litigation, the district court erred in refusing to consider the underlying state claim.

Because the state claim is relevant to the value of the object of this litigation, the judgment of the district court is reversed, and the case is remanded to the district court to consider where "it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Lodal, Inc. v. Home Ins. Co. of Illinois,* 156 F.3d 1230, 1998 WL 393766, \*\*2 (6th Cir. 1998) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938). In making this determination, the court should take into consideration the value of the underlying state court litigation.

Accordingly, we REVERSE the decision of the district court and REMAND this case back

to that court for the reasons discussed above.

**ALAN E. NORRIS, Circuit Judge, dissenting.** While I agree with the majority that the value of the underlying state claim is relevant to this litigation, I do not believe that a remand to the district court is required because plaintiff insurance company has failed to establish by a preponderance of the evidence that the amount in controversy meets the $75,000 jurisdictional requirement. *Buckeye Recyclers v. CHEP USA*, 228 F. Supp. 2d 818, 821 (S.D. Ohio 2002); *see also Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 397 (2d Cir. 2003) (party invoking jurisdiction of federal courts has the burden of proving by "reasonable probability" that claim is in excess of statutory jurisdictional amount). I respectfully dissent.