# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 20, 2006

Rehearing No. 533

4 May 2006

127564 & (114)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

KRISTINE COWLES,
      Plaintiff-Appellee,

and

KAREN B. PAXSON,
      Intervening Plaintiff-Appellee,

v

BANK WEST, f/k/a BANK WEST FSB,
      Defendant-Appellant.

SC: 127564
COA: 229516
Kent CC: 98-006859-CP

_____/

In this cause, a motion for rehearing is considered and it is DENIED. The motion by Huntington National Bank for leave to file a brief amicus curiae is GRANTED.

CAVANAGH, J., concurs and states as follows:

I concur completely with this Court's decision to deny the motion for rehearing. I write separately only to respond to the dissent.

First, the dissent states that "even under the new rule, Karen Paxson's claim that defendant violated § 1605 of the Truth in Lending Act (TILA), 15 USC 1605, does not share a factual and legal nexus with Kristine Cowles's previous claims." I respectfully disagree. Cowles's initial complaint stated that "the document preparation fee was disclosed on line 1105 in the HUD-1 as a charge for preparation of final legal papers" and that "the document preparation fee violated the Michigan Consumer Protection Act based on causing a probability of confusion or of misunderstanding as to the terms or conditions

of credit and failing to reveal a material fact which was deceptive." Cowles's first amended complaint alleged that "Bank West misrepresented the fee as the actual expense of preparing final legal papers and by other inaccurate disclosures." Therefore, it is clear that Cowles's initial complaint and first amended complaint alleged problems with the way defendant reported its document preparation fee and the propriety of the services it provided in connection with the fee. Accordingly, Cowles's initial and first amended complaint had a sufficient factual and legal nexus to the TILA claim alleged in the second amended complaint.

Next, the dissent states that "[t]he majority also creates confusion by barring 'overhead charges' from inclusion in a 'bona fide' document processing fee under TILA." Again, I respectfully disagree. The majority held that a document preparation fee is not bona fide if it includes charges for items other than document preparation. There was testimony in this case from defendant's president that defendant's document preparation fee covered expenses other than those associated with document preparation. In fact, he testified that the document preparation fee was charged to defray the expense of "taking the loan through the entire sequence from the application through the closing." Contrary to the dissent's suggestion, this is quite different from overhead directly attributable to document preparation. This testimony could be viewed to mean that the document preparation fee was used to defray defendant's general overhead, and, thus, it would not be bona fide. Accordingly, a question of fact exists regarding whether the document preparation fee in this case is bona fide.

KELLY and MARKMAN, JJ., join the statement of CAVANAGH, J.

CORRIGAN, J., dissents and states as follows:

I would grant defendant's motion for rehearing. In *Cowles v Bank West,* 476 Mich 1, 20 (2006), the majority established that a statute of limitations may be tolled in a class action for a new claim that shares a "factual and legal nexus" with a previous, timely claim. Apart from my dissent to the rule itself, *id.* at 38 (Corrigan, J., dissenting)*,* defendant's motion for rehearing makes an excellent point that, even under the new rule, Karen Paxson's claim that defendant violated § 1605 of the Truth in Lending Act (TILA), 15 USC 1605, does not share a factual and legal nexus with Kristine Cowles's previous claims. Defendant argues that, because Paxson's § 1605 claim alleges actual damages, the claim requires proof that class members detrimentally relied on a misreported finance charge. Defendant therefore argues that the § 1605 claim would require proof of facts that share no factual or legal nexus with Cowles's previous claims and extend beyond the "evidence, memories, and witnesses" associated with the previous claims, which did not invoke the finance charge or class members' reliance on it. Moreover, Justice Cavanagh's concurrence does not adequately address this issue. The facts and legal theories alleged in Cowles's complaints simply do not relate to the proofs required for Paxson's claim that class members relied on an inaccurate *finance charge*, as

defined by § 1605, and that their reliance on the charge actually caused them financial harm.

The majority also creates confusion by barring "overhead charges" from inclusion in a "bona fide" document processing fee under TILA. *Cowles, supra* at 37. As defendant argues in its motion for rehearing, some overhead charges are practically indistinguishable from the cost of document processing. In his concurring statement, Justice Cavanagh seems to allow for the fact that some overhead costs can be attributed to "document preparation." ("Contrary to the dissent's suggestion, this is quite different from overhead directly attributable to document preparation.") However, the majority opinion, which is the binding precedent, creates the impression that *no* overhead costs may be properly attributed to "document preparation." *Cowles, supra* at 37 ("For example, if defendant charges $250 for its document preparation fee, but only $10 of that total fee represents actual document preparation services and the remainder represents, for example, overhead charges, the fee would not be 'bona fide' within the meaning of the TILA.") Regardless of whether a question of fact exists on this issue as Justice Cavanagh suggests, the majority's rule that all overhead charges must be excluded from a "bona fide" document processing fee reflects an ignorance of how financial institutions operate and unnecessarily harms struggling Michigan businesses. The majority should carefully reconsider its broad statement of this rule.

Accordingly, I would grant rehearing to clarify this latter point and to examine whether Paxson's § 1605 claim truly shares a factual and legal nexus with Cowles's earlier claims.

TAYLOR, C.J., and YOUNG, J., join the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 20, 2006

*Corbin R. Davis*

Clerk

d10017