**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0071n.06
Filed: January 29, 2007

**No. 05-2530**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JON HALL, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY and COLE, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM. The plaintiff, Jon Hall, appeals the order of the district court

dismissing his complaint for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6), in a putative class action suit against defendant State Farm Insurance Company

that was removed from state court by motion of the defendant under the Class Action

Fairness Act (CAFA), 28 U.S.C. § 1453(b). Although Hall did not oppose removal, did not

move to remand, and did not immediately appeal the district court's determination of

jurisdiction, he now contends that the district court lacked jurisdiction to rule on the merits

of his claim because the state court complaint was filed before CAFA's effective date. That

---

[*]The Hon. Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

proposition depends upon a determination that an amended state court complaint substituting Hall as the new named party, filed after CAFA took effect, related back to the pre-CAFA filing of the original complaint. The defendant argues that under state law Hall was not a party to the original complaint, that state law precludes relation back in this case, that the district court therefore had jurisdiction to rule on the merits, and that the district court did so correctly. We agree and affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The jurisdictional dispute dates back to December 29, 2004, the date on which a Michigan woman named Hana Djeljevic filed a putative class action in state court alleging in a single count that State Farm had committed a breach of contract by failing to ensure proper inspections of seat belts and seat belt systems in vehicles of its insureds that had been involved in collisions. The complaint contended that State Farm had breached this obligation to Djeljevic and "all others similarly situated." While State Farm's motion for summary disposition and Djeljevic's motion for class certification were pending, the state trial court judge proposed to recuse herself based on the disclosure of a potential conflict of interest with plaintiff Djeljevic. Immediately after the judge's disclosure, counsel for Djeljevic made an oral motion to "file a second amended Complaint which would substitute a different class representative, eliminat[ing] . . . Dejeljevic[] all together[*sic*]," and making recusal unnecessary. This oral motion was granted and an amended complaint was filed on June 1, 2005, substituting Jon Hall as named plaintiff. Hall's claim, like Djeljevic's,

allegedly arose out of a collision involving a vehicle insured by State Farm and contained a single claim for breach of contract. On the same day that Hall filed this amended complaint, State Farm removed the suit to federal district court under CAFA, which expands federal diversity jurisdiction over class actions by creating an exception to the general requirement of complete diversity and by allowing class action plaintiffs to aggregate their claims to meet the amount in controversy requirement. *See* 28 U.S.C. § 1332(d). By its terms, CAFA does not apply retroactively but, rather, "to any civil action commenced on or after the date of [its] enactment," February 18, 2005. Class Action Fairness Act of 2005, Pub. L. 109-2, § 9, 119 Stat. 14 (2005).

Hall did not oppose or otherwise question removal when it was initially applied for and obtained, but the district court did, *sua sponte*. Noting that the "[t]wo Circuit Courts of Appeals [to] have considered the meaning of the word 'commenced' under . . . CAFA [had b]oth held that the term . . . refers to the initial filing of the class action in state court," and citing *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1237-38 (10th Cir. 2005), *amended and superseded by* 420 F.3d 1090 (10th Cir. 2005), and *Knudsen v. Liberty Mutual Insurance Co.*, 411 F.3d 805 (7th Cir. 2005), the district court ordered State Farm "to show cause in writing . . . as to why th[e] case should not be remanded to state court for lack of subject matter jurisdiction."

Responding to the order to show cause, State Farm argued that the amended complaint naming Hall as plaintiff was a "new complaint" that "commenced a new action"

and, therefore, "trigger[ed] the applicability of CAFA" and federal jurisdiction thereunder. The district court accepted this response and proceeded to exercise jurisdiction over the case without objection from Hall, who was legally entitled to seek remand and to an interlocutory review of the denial of a motion to remand, *see* 28 U.S.C. § 1453, but did not do so.

State Farm next moved to dismiss the complaint, arguing that Hall failed to allege two of the elements necessary to a breach of contract claim – breach and damages. The district court granted this motion, concluding that Hall had "suffered no damages" and that there had been "no breach of contract." Hall now seeks review of both the district court's subject matter jurisdiction and its dismissal of the case.

## II. **DISCUSSION**

We review determinations of subject matter jurisdiction *de novo*. *See Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 901 (6th Cir. 2003). Likewise, "[w]e review de novo the district court's order to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *Evans v. Pearson Enter., Inc.*, 434 F.3d 839, 846 (6th Cir. 2006) (citation omitted).

## A. *Jurisdiction Under the Statute*

CAFA applies to actions "commenced on or after" February 18, 2005, but does not define the term "commence." Class Action Fairness Act of 2005, Pub. L. 109-2, § 9, 119

Stat. 14 (2005). Because there is no basis other than CAFA upon which to assert federal

jurisdiction in this case, in order to determine whether there is such jurisdiction, we must

determine as an initial matter when the action "commenced." On first consideration, this

question appears relatively straightforward, and Hall maintains that it is, in fact, very simple.

Relying on Michigan Court Rule 2.101(B), which, like Federal Rule of Civil Procedure 3,

provides that "[a] civil action is commenced by filing a complaint with the court," Hall

asserts that an action can only commence once and that this rule alone is sufficient to

answer the question before the court. According to Hall, the action "commenced" when

Djeljevic filed the original complaint in state court before CAFA's enactment.

Hall's framing of the issue, however, begs the question. Clearly, when Djeljevic filed

her complaint the action commenced as to her, but the question now before us is whether

Djeljevic's filing *also* commenced the suit as to Hall. *Cf. Braud v. Transp. Serv. Co.,* 445

F.3d 801, 804 (5th Cir. 2006) ("[T]he issue is not whether CAFA should apply to suits

'commenced' before February 18, 2005, but whether the addition of a new defendant

'commences' a new suit."). This question, as it turns out, must be answered by state law.

*See Prime Care, LLC v. Humana Ins. Co*, 447 F.3d 1284, 1286 (10th Cir. 2006) ("whether

an amendment is distinct enough to give rise to a new commencement date is properly

gauged by the forum state's law governing the relation-back of pleading amendments")

(citations omitted).[1]

Although the parties agree that state law controls, they vigorously dispute (1)

whether Hall was a party to the state action at the time Djeljevic filed it and, if not, (2)

whether the amended complaint nevertheless related back, negating commencement of

a new lawsuit.

## B. <u>Party Status in Class Action Suits</u>

---

[1]This rule has apparently been adopted by every court that has addressed the question. *See*, *e.g.*, *Braud v. Transp. Serv. Co.*, 445 F.3d 801, 803 (5th Cir. 2006) ("when an action is commenced in state court is determined based on the state's own rules of procedure" (footnote and citation omitted)); *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) ("Since the question for decision . . . is whether adding named plaintiffs commences a new suit *in state court*, the answer should depend on state procedural law."); *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 757-58 (7th Cir. 2006) (relying on state relation back law to determine whether addition of a claim commenced new litigation for purposes of CAFA); *Plubell*, 434 F.3d at 1071 ("[s]tate law determines when a suit is commenced in state court"); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005) ("[I]t is 'clear that a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court . . . .'" (quoting *Cannon v. Kroger Co.*, 837 F.2d 660, 664 (8th Cir. 1988))); *Natale v. Pfizer, Inc.*, 424 F.3d 43, 44-45 (1st Cir. 2005) (applying state law to determine when suit commenced for purposes of CAFA (citing *Pfizer, Inc. v. Lott*, 417 F.3d 725, 726 (7th Cir. 2005))); *Pfizer, Inc. v. Lott*, 417 F.3d 725, 726 (7th Cir. 2005) (determining when suit "commenced" for purposes of CAFA by reference to state law exclusively); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 1:00-1898, MDL 1358 (SAS), M 21-88, 2006 WL 1004725, at \*4 (S.D.N.Y. April 17, 2006) ("A court must look to state law to determine when a lawsuit was initially commenced for purposes of CAFA."(citation footnote omitted)); *Werner v. KPMG LLP.*, 415 F. Supp. 2d 688, 695-96 (S.D. Tex. 2006) ("The courts of appeals examining the issue have held that a federal court determines when a lawsuit is 'commenced' for the purpose of CAFA by looking to state law. Most district courts in other circuits have agreed with this approach." (citations and footnotes omitted)); *Weekley v. Guidant Corp.*, 392 F. Supp. 2d 1066, 1067 n.1 (E.D. Ark. 2005) ("State law governs when a civil action is commenced for purposes of removal." (citing *Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir. 1989))); *In re Expedia Hotel Taxes & Fees Litig.*, 377 F. Supp. 2d 904, 906 (W.D. Wash. 2005) ("in removal cases, 'commencement' is governed by the law of the state in which the action originated" (quotation marks and citations omitted)).

Hall argues that even if amended pleadings have the potential to recommence an action, the amendment at issue here did not do so because it made no substantive change to the suit. He cites *Cowles v. Bank West (Cowles I)*, 687 N.W.2d 603 (Mich. App. 2004), *partially vacated Cowles v. Bank West (Cowles II)*, 719 N.W.2d 94, 111 (Mich. 2006), for the proposition that "under Michigan law, members of a putative class as outlined in a complaint are not 'new parties' to the action when they become named parties." If this contention is correct, we need not reach relation-back analysis, for if Hall was, in fact, a party to the action at the time Djeljevic filed her complaint, then his action did commence at that time.

State Farm argues to the contrary that Hall was not a party to the action at the time of Djeljevic's filing but, instead, "was nothing more than an unnamed putative member of Djeljevic's asserted class – a class that was never certified." As a result, the defendant contends, before the filing of the amended action on June 1, 2005, Hall did not have a lawsuit pending against State Farm. Thus, the first issue before us is whether, under Michigan law, an unnamed member of an uncertified class is a "party" at the time an action is first filed. We conclude that this question must be answered in the negative.

The *only* state law authority Hall cites in support of his argument to the contrary is *Cowles v. Bank West*, in which the Michigan Court of Appeals held that the trial court had improperly dismissed a Truth in Lending Act class action as time-barred when a member of the specifically defined putative class was substituted in an amended complaint for the

original named plaintiff, whose claim was demonstrably untimely under the applicable statute of limitations. 687 N.W.2d 603 (Mich. Ct. App. 2004) (*Cowles I*), *aff'd in part, vacated in part*, 719 N.W.2d 94 (Mich. 2006) (*Cowles II*), *reh'g denied*, 722 N.W.2d 429 (Mich. 2006). In *Cowles I*, the appellate court ruled that the running of the statute was tolled by the filing of the first complaint because the new named plaintiff was a member of the class described in the original complaint and the class was ultimately certified. *Id.* at 607-13. But, in subsequently affirming the intermediate court's decision tolling the statute of limitations, the Michigan Supreme Court further noted the intermediate court's determination that the amended TILA claim was improperly dismissed "rested *primarily* on its conclusion that the relation-back doctrine applied to [the substitute plaintiff's] claim." *Cowles II*, 719 N.W.2d at 102 (emphasis added). Recognizing that "[t]olling under [Michigan Court Rule] 3.501(F) . . . is conceptually distinct from relation back under MCR 2.118(D)," the Michigan Supreme Court vacated the very portion of the Court of Appeals decision upon which Hall relies in this case. *Id.* at 111.

The Michigan Supreme Court undoubtedly did so for good reason. The Michigan class action rule does not expressly state whether unnamed members of a class are considered parties or, if so, at what point in the litigation they become parties. *See* Mich. Court R. 3.501. However, the language and structure of the rule seem to suggest that an unnamed member of a putative class does not become a party to an action in any real sense until certification. *See id.* Prior to certification the named plaintiff has not yet established itself as a representative of the unnamed putative class members but, rather,

has merely "claim[ed] the right to a class action"; whether or not the plaintiff in fact has such a right remains to be determined. *Cowles II*, 719 N.W.2d at 108 n.10; *see also id.* at 104 (describing pre-certification action as "'prospective litigation'" and unnamed members of putative class as "potential plaintiffs" (quoting *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 555 (1974))); *accord id.* at 109. We thus conclude that if faced with the question now before us, the Michigan Supreme Court would find that unnamed putative class members are not technically parties to an action prior to class certification and that, as a consequence, Hall was not a true party at the time that Djeljevic filed suit. The amended complaint substituting Hall as the named plaintiff must therefore be analyzed under Michigan's relation-back principles.

## C. Relation Back of Complaints Adding New Parties

Michigan Court Rule 2.118(D) provides that "[a]n amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading." Despite this broad language, the rule has been circumscribed through cases holding that "[a]lthough an amendment generally relates back to the date of the original filing if the new claim asserted arises out of the conduct, transaction, or occurrence set forth in the pleading, the relation back doctrine does not extend to the addition of new parties." *Employers Mut. Cas. Co. v. Petroleum Equip., Inc.*, 475 N.W.2d 418 (Mich. 1991) (citations omitted). State law in this regard is

so clear that in his brief on appeal, Hall concedes that "Michigan law is different than other jurisdictions in that 'relation back' does not apply to the addition of parties."[2] As a result, Hall cannot be considered to have been a party to the uncertified class action prior to being designated as a named plaintiff. At the same time, his substitution as the named plaintiff in the amended complaint constituted the "commencement" of a new action for purposes of CAFA because it did not relate back to the filing of the original action by Djeljevic.

## D. Breach of Contract Claim on the Merits

From all of this, it follows that the district court had jurisdiction under CAFA to rule on the merits of Hall's contract claim. On that issue, we agree with the district court's determination that the complaint failed to state a claim for breach of contract and was therefore subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), which we review *de novo*. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996)).

In order "[t]o survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain

---

[2]Although the Michigan Court of Appeals has occasionally questioned the reasonableness of this rule, it has nevertheless remained faithful to it. *See*, *e.g.*, *Hurt v. Michael's Food Ctr., Inc.*, 559 N.W.2d 660, 665 (Mich. Ct. App. 1997) (applying the rule but noting that, were the court not "constrained to follow *Employers Mutual*," it would "hold that the relation-back rule extends to the addition of a new party . . . . when an added plaintiff sought to join the action by means of an amended complaint"). The Michigan Supreme Court has never ruled to the contrary.

a recovery under some viable legal theory.'" *Id.* at 319 (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotation marks and citations omitted)). "'[M]ore than bare assertions of legal conclusions'" is required to withstand dismissal, but all well-pleaded allegations in the complaint are to be treated as true and "construed in the light most favorable to the plaintiff." *Id.* (quoting *Scheid*, 859 F.2d at 436 (internal citation omitted)).

Because this is a diversity case, we apply Michigan substantive law. Hall and State Farm agree that to plead a breach of contract properly under Michigan law, a plaintiff must state three elements: (1) the existence of a contract between plaintiff and defendant, (2) a breach, and (3) damages. *See In re Brown*, 342 F.3d 620, 628 (6th Cir. 2003) (applying Michigan law) (citation omitted). The parties also agree that a contract between plaintiff and defendant existed. They disagree, however, as to whether Hall properly pleaded the remaining two elements.

The basis of the dispute is a disagreement about what obligations fell on State Farm under a single sentence in the insurance contract at issue that read as follows: "We will include in the estimate parts sufficient to restore the vehicle to its pre-loss condition." Both Hall and State Farm argue that the provision is unambiguous, but the "unambiguous" meanings asserted by each are mutually exclusive. The section in which the sentence appears professes to limit State Farm's liability "for *loss* to property or any part [thereof to] the lower of: 1. the actual cash value; or 2. the cost of repair or replacement." The section

then explains the methods by which actual cash value and cost of repair or replacement are to be determined, providing three means of calculating the latter: (1) an amount "agreed upon" by the insured and State Farm, (2) "a competitive bid approved by [State Farm]," or (3) a written estimate that is "based upon the prevailing competitive price," as follows:

> The prevailing competitive price means prices charged by a majority of the repair market in the area where the *car* is to be repaired as determined by a survey made by us. If *you* ask, we will identify some facilities that will perform the repairs at the prevailing competitive price. We will include in the estimate parts sufficient to restore the vehicle to its pre-loss condition. *You* agree with us that such parts may include either parts furnished by the vehicle's manufacturer or parts from other sources including non-original equipment manufacturers.

Hall's complaint alleges that "State Farm was obligated under the insurance contract to conduct and/or pay for proper inspections of seat belts and seat belt systems by qualified technicians on vehicles of its insureds involved in collisions[,]" and that "State Farm breached [this] obligation." Hall contends that the statement "We will include in the estimate parts sufficient to restore the vehicle to its pre-loss condition" obligates State Farm not only to pay for all repairs, but also "to ensure that [the] estimate is complete" and "reflect[s] fully all damage or loss from the collision and the parts necessary to bring the vehicle to its pre-loss, undamaged state (*i.e.*, to repair all damage caused by the collision)." State Farm breached the contract, Hall alleges, "by not performing or by not ensuring that . . . [the estimating/repairing] shops . . . perform full and proper seatbelt inspections on Plaintiff's vehicle." Hall submits that "[t]he only way that State Farm can fulfill its obligation

to pay for loss caused by collision is to ensure that all damage is properly assessed . . . ." Thus, in Hall's view, the insurance contract includes an implicit "guarantee[] that the estimate will be complete and cover all damage caused by the collision."

State Farm disputes the plaintiff's contention that the sentence "We will include in the estimate parts sufficient to restore the vehicle to its pre-loss condition" imposes any duty to ensure proper assessment of damages, arguing that it operates solely to explain how the cost of repair will be calculated and to provide that "*if* the cost of repair is based upon an estimate," then the cost of necessary parts will also be included when calculating the cost. As State Farm explained to the district court, the sentence in question "refers to the fact that if . . . [State Farm] includ[es] parts on the estimate, they are going to be parts sufficient to restore the vehicle properly," that the subsequent sentence creates an "agree[ment] . . . that those parts can be from a variety of sources," and that the focus of the clause is on "the nature of the parts that are being put on the car [but] says nothing about . . . creating the estimate, [or] doing an inspection . . . .").

It is not unreasonable of Hall to conclude that the statement "[State Farm] will include in the estimate parts sufficient to restore the vehicle to its pre-loss condition" places an obligation on State Farm. What is not reasonable, in our judgment, is the plaintiff's appraisal of the contours and scope of that obligation. The statement in question operates in the contract to explain one of three means of assessing the "cost of repair or replacement" for which State Farm is liable. There are two other means of establishing this

cost (agreement and competitive bid), and the agreement to "include . . . parts sufficient to restore the vehicle to its pre-loss condition" does not apply to these other means. Thus, the obligation to include all necessary parts is, in fact, a contingent obligation: It arises only if State Farm assesses the cost of repair or replacement based on "an estimate written based upon the prevailing competitive price" (as opposed to by competitive bid or agreement). However, Hall has not alleged that State Farm's liability was determined based on an "estimate written based upon the . . . prices charged by a majority of the repair market in the area where the *car* is to be repaired as determined by a survey made by [State Farm]." To the contrary, Hall's complaint alleges that he took the vehicle to the dealer from whom he had purchased the vehicle for both the estimate and the repairs. Because we conclude that Hall failed properly to allege the applicability of the provision at issue in this case, we further conclude that he failed to allege that State Farm committed a breach of contract and that the district court's dismissal was therefore proper.

## III. **CONCLUSION**

Having found that the district court had subject matter jurisdiction in this case and having determined that dismissal under Rule 12(b)(6) was proper for the reasons set out above, we pretermit discussion of all other issues and AFFIRM the judgment of the district court on the merits.