*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0400p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ROYCE T. SMITH,

>	*Plaintiff-Appellee,*

*v.*

No. 07-5956

NATIONWIDE PROPERTY AND CASUALTY INSURANCE
COMPANY,

>	*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 06-00239—J. Ronnie Greer, District Judge.

Submitted: September 10, 2007

Decided and Filed: October 1, 2007

Before: CLAY and GIBBONS, Circuit Judges; HOOD, Chief District Judge.[*]

---

## COUNSEL

**ON BRIEF:** Craig A. Cohen, Darren L. Harrison, NELSON LEVINE DE LUCA & HORST, Blue
Bell, Pennsylvania, Brian H. Trammell, KENNERLY, MONTGOMERY & FINLEY, Knoxville,
Tennessee, for Appellant. Gordon Ball, BALL & SCOTT LAW OFFICES, Knoxville, Tennessee,
for Appellee.

---

## OPINION

---

HOOD, Chief District Judge. Defendant-Appellant Nationwide Property and Casualty
Insurance Company ("Defendant") appeals the decision of the district court, granting Plaintiff-
Appellee Royce T. Smith's ("Plaintiff" or "Smith") Motion to Remand the matter to state court.
Defendant argues that, under the Class Action Fairness Act ("CAFA"), it had established the
requisite amount in controversy and that remand was not warranted. In response, Plaintiff argues
that the district court appropriately determined that Defendant had failed to establish the requisite
amount in controversy or, in the alternative, that the district court improperly determined that CAFA

---

[*] The Honorable Joseph M. Hood, Chief United States District Judge for the Eastern District of Kentucky,
sitting by designation.

even applied to the action and that, in either event, remand was or should have been appropriately granted upon his motion.

We are of the opinion that the provisions of CAFA are applicable to the matter at hand and that Defendant has failed to demonstrate, by a preponderance of the evidence, that the district court had original jurisdiction over this putative class action by virtue of an adequate amount in controversy. As explained more fully below, we hereby **AFFIRM** the decision of the district court.

## I.        Factual and Procedural Background

Plaintiff alleges that on January 23, 2004, his 1999 Subaru Forrester was involved in an accident in Newport, Tennessee, with a Chevrolet S-10 pickup truck owned and driven by Defendant's insured. The insured was determined to be at fault and, after inspecting Plaintiff's automobile, Defendant's adjuster determined that repairs would cost approximately $1,974.13.

Plaintiff entered into a settlement agreement with Defendant in which Defendant agreed to repair Plaintiff's vehicle in return for a release of Plaintiff's property damage claims against its insured. Plaintiff alleges that "when repairs are undertaken by [Defendant] pursuant to" such a settlement agreement, Defendant "is obligated to restore vehicles to their prior appearance, function and value." Plaintiff claims that Defendant breached this agreement by not assessing the vehicle after it was repaired, not informing Plaintiff of any lost value following such an assessment, and failing to pay the post-repair loss of value unless Plaintiff demands and proves loss of value.

Plaintiff's initial Complaint, filed in the Circuit Court for Cocke County, Tennessee, in 2004, sought relief only for Smith. In the Amended Complaint, filed in the state court on September 28, 2006, however, Plaintiff purports to represent a class of plaintiffs and states as follows:

> The total amount in controversy as to the Plaintiff and each member of the Proposed Class does not exceed seventy-four thousand nine-hundred and ninety-nine dollars ($74,999) each, exclusive of interest and costs. Plaintiff disclaims any compensatory damages, punitive damages, declaratory, injunctive, or equitable relief greater than ($74,999) per individual Class member. Plaintiff and the Proposed Class limit their total class wide claims to less than four million-nine hundred and ninety-nine thousand nine hundred and ninety-nine dollars ($4,999,999.00)....

In both his original and Amended Complaint, Plaintiff avers "fraudulent concealment," but the allegation is isolated to the tolling of applicable statutes of limitations by virtue of the "discovery rule." Plaintiff's prayer for relief in his Amended Complaint seeks only to recover compensatory damages "for injuries and damages he has suffered," "a permanent injunction prohibiting" Nationwide from failing to assess for post-repair loss and "requiring Nationwide to pay" that loss of value if it exists in future instances, a permanent injunction "requiring that Nationwide establish a procedure to handle such claims," and "such other and further relief as it deems just and proper under the premises."

Plaintiff further alleges that Defendant "routinely enters into agreements with third-parties" to make repairs and restore vehicles in return for a release of property damage claims and breaches these agreements as outlined above. In both his original and Amended Complaint, Plaintiff demanded damages for breach of contract and breach of covenant of good faith and fair dealing, as well as for declaratory and injunctive relief requiring Defendant to assess vehicles for post-repair loss of value, inform parties of that assessment, and pay for post-repair loss of value for vehicles within the six year period prior to the commencement of the action.

On October 13, 2006, Defendant removed the action to the United States District Court for the Eastern District of Tennessee, asserting federal subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). In response to Plaintiff's motion to remand, Defendant asserted that CAFA applied and that the district court should exercise jurisdiction over the matter as the amount in controversy exceeded the jurisdictional minimum, arguing that Plaintiff sought at least $3,247,360 in compensatory damages for the putative class and that even modest punitive damages would place a jury award in excess of $5,000,000. Upon a motion to remand, the United States District Court applied the provisions of CAFA, without explicitly addressing when the action "commenced" for the purposes of the applicability of the statute, and determined that Defendant had not carried its burden of establishing the minimum amount in controversy of $5,000,000. Finding that it did not have jurisdiction over the matter, the district court remanded the matter to the Circuit Court for Cocke County, Tennessee on May 15, 2007. Defendant then successfully petitioned this Court for leave to take an appeal of the remand order under 28 U.S.C. § 1453(c)(1). Its Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1453 was received by the Court on May 24, 2007.

## II.     Jurisdiction

Generally, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . ." 28 U.S.C. § 1447(d). Congress has seen fit, however, to make an exception from § 1447(d), providing that "a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not less than 7 days after entry of the order." 28 U.S.C. § 1453(c)(1). The district court entered its order granting Plaintiff's motion to remand this matter to state court on May 15, 2007. Plaintiff's Petition for Permission to Appeal Pursuant to 28 U.S.C. § 1453 was received by the Court on May 24, 2007, seven days (excluding the intervening Saturday and Sunday) after the entry of the order by the district court. *See* Fed. R. App. P. 26(a)(1) and (2). Accordingly, this Court has jurisdiction over this appeal.

## III.     Standard of Review

The Court reviews determinations of subject matter jurisdiction *de novo. Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 901 (6th Cir. 2003); *Hall v. State Farm Mut. Auto. Ins. Co.*, No. 05-2530, 215 Fed.Appx. 423, 425, 2007 WL 215662,*2 (6th Cir. Jan. 29, 2007). A party seeking a federal venue by virtue of removal must establish the jurisdictional requirements of that venue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561(1992). CAFA does not alter the fact that "the removing defendant has the burden of demonstrating, by a preponderance of the evidence, that the amount in controversy requirement has been met." *Brown v. Jackson Hewitt, Inc*., No. 1:06-cv-2632, 2007 WL 642011, *2 (N.D.Ohio 2007) (citing, *e.g.*, *Morgan v. Gay,* 471 F.3d 469, 473 (3d Cir. 2006) (CAFA does not shift the burden to the plaintiffs in removal cases); *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir.2001) (burden on defendant seeking remand to show by preponderance of evidence that amount in controversy in met); *Gafford v. Gen'l Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (same)). Further, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Jacada, Ltd. v. Int'l Mktg. Strategies, Inc.,* 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir.1999)).

## IV.     Analysis

### A.     CAFA Applies to This Action and Defendant's Notice of Removal Was Timely Filed

"CAFA applies to actions 'commenced on or after' February 18, 2005, but does not define the term 'commence.'" *Hall*, 2007 WL 215662 at *2 (quoting Class Action Fairness Act of 2005, Pub.L. 109-2, § 9, 119 Stat. 14 (2005)). Thus, state law applies to determine when a matter is

"commenced" for purposes of the application of CAFA.  *See id.* (*citing Braud v. Transp. Serv. Co.,* 445 F.3d 801, 804 (5th Cir.2006); *Prime Care, LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1286 (10th Cir. 2006)); *accord Phillips v. Ford Motor Co.*, 435 F.3d 785, 787-88 (7th Cir. 2006); *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006).

Because Smith initially filed his complaint in Tennessee state court, Tennessee law controls when his suit "commenced" for the purposes of the application of CAFA.  As an initial matter, Tennessee Rule of Civil Procedure 3 provides that "[a]ll civil actions are commenced by filing a complaint with the clerk of the court."[1]  The relation back doctrine, codified at Tennessee Rule of Civil Procedure 15.03, provides that an amended complaint relates back to the original complaint so long as it "arose out of the conduct, transaction, or occurrence set forth...in the original pleading," regardless of whether the amended claim states a new cause of action. *See Hardcastle v. Harris*, 170 S.W.3d 67, 87 (Tenn. App. 2004).

When a complaint is amended to incorporate claims of additional parties, a court applying Tennessee law must consider "whether the defendant received adequate notice of the claims against him [in the original pleading]; (2) whether the relation back of such an amendment would unfairly prejudice the defendant; and (3) whether there is an 'identity of interest' between the original party plaintiff and the new party plaintiff." *Osborne Enterprises, Inc. v. City of Chattanooga*, 561 S.W.2d 160, 164 (Tenn. Ct. App. 1977).  Application of the "relation back" doctrine to newly asserted claims by additional parties requires "[n]ot only [that] the adversary have notice about the operative facts," but also requires that the defendant "had fair notice that a legal claim existed in, and was in effect being asserted by, the party belatedly brought in." *Id.* (quoting *Williams v. United States*, 405 F.2d 234, 238 (5th Cir. 1968)).

In determining whether the addition of class claims constitutes the assertion of new claims by additional parties, other courts have recognized that "'notice from the initial [individual] complaint ... cannot serve as "adequate" notice of claims on behalf of all plaintiffs who may someday fall with in [*sic*] the class definition."[2] *Plummer*, 388 F.Supp.2d at 1315 (quoting *Heaphy v. State Farm Mut. Auto. Ins. Co.*, No. C05 5404RBL, 2005 WL 1952044, at *4 (W.D. Wash. Aug. 15, 2005)).  On the facts alleged, we agree.[3]

While Mr. Smith's Complaint and Amended Complaint are identical, except for the addition of a class-wide allegation of wrongdoing, the Court is not persuaded of the identity of interest between the putative class members and Mr. Smith or even between the putative class members themselves.  The actions of which Plaintiff complains, when considered across the putative class,

----

[1] Appellee takes the position that any action filed in Tennessee is commenced, for the purposes of determining whether CAFA applies, when the original complaint is filed and has urged the Court not to apply the "relation back" analysis, relying on *McAtee v. Capital Bank F.S.B.*, 479 F.3d 1143 (9th Cir. 2007).  For the reasons set forth in this opinion, the Court declines to do so.

[2] This is in keeping with the tolling of the statute of limitations for putative class members during the pendency of a class action under Fed. R. Civ. P. 23.  For tolling to apply, the Sixth Circuit Court of Appeals has determined that a complaint must place a defendant on notice of not only the potential substantive claims available to a class, but also "the number and generic identities" of potential plaintiffs. *Wyser-Pratte Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 567 (6th Cir. 2005) (quoting *Am. Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 554-55 (1974)).  In the instant matter, Defendant was not on notice of either the number or generic identities of the putative class until the filing of the Amended Complaint with its class allegations.

[3] While we do not offer an opinion with regard to whether a defendant might be on notice from an original petition alleged a violation of a single company-wide policy, it is clear that such a situation is likely distinguishable from the matter before us here. *See Plummer v. Farmers Group, Inc.,* 388 F.Supp.2d 1310, 1316 (E.D.Okla. 2005) (citing *Paskuly v. Marshall Field and Co.,* 646 F.2d 1210 (7th Cir.1981)).

arise out of distinct contracts of insurance with various insureds which were, in turn, brought into play by virtue of unique claims by each of the putative class members. This is to say that Mr. Smith and each putative class member would have a claim arising out of "separate contracts, for separate property, with differing monetary value." *Id.* at 1316. We agree with Defendant that the "facts related to each individual's claim are unique to each " putative class member as well as the class representative.

Defendant was neither afforded adequate notice of the generic identity of the proposed class nor provided adequate notice of claims of all plaintiffs who might someday fall within a putative class by virtue of Mr. Smith's original complaint. Here, "notice from the initial [individual] complaint ... cannot serve as 'adequate' notice of all claims on behalf of all plaintiffs who might someday fall with in [sic] the class definition." Id. *at 1315* (quoting *Heaphy,* 2005 WL 1952044, at \*4). Considering the universe of contracts and incidents associated with the putative class, Defendant did not "[have] fair notice that a legal claim existed in, and was in effect being asserted by, [the putative class] belatedly brought in." *Osborne Enterprises, Inc.*, 561 S.W.2d at 164. To relate the class claims back to the time of the filing of Smith's original complaint would unfairly prejudice Defendant in this matter, and the district court did not err when it did not do so. Since the amended complaint did not relate back to the filing of the original complaint under Tennessee law, the district court properly (if implicitly) determined that the amended complaint "commenced" the suit anew after February 18, 2005, and applied the § 1332 amendments wrought by CAFA to this putative class action.

28 U.S.C. § 1453(b) states an exception to the "one year rule" of 28 U.S.C. § 1446(b) and permits a defendant in a putative class action to remove a matter more than one year after a complaint is first filed. 28 U.S.C. § 1453(b). It follows that Defendant's Notice of Removal, filed on October 13, 2006, within 30 days of the filing of Plaintiff's Amended Complaint on September 28, 2006, was timely and properly considered as such by the district court. *See* 28 U.S.C. §§ 1446(b) and 1453(b).

### B.    The District Court Properly Determined that Defendant Failed to Establish an Amount in Controversy in Excess of $5 Million and That It Had No Jurisdiction Over the Matter Under 28 U.S.C. § 1332(d)(2)

28 U.S.C. § 1332 was amended by CAFA to provide, in pertinent part, that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In determining the amount in controversy, the plaintiff is the "master of his complaint":

> It is well established that the plaintiff is "master of [his] complaint" and can plead to avoid federal jurisdiction. Accordingly, subject to a "good faith" requirement in pleading, a plaintiff may sue for less than the amount [he] may be entitled to if [he] wishes to avoid federal jurisdiction and remain in state court.

*Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 998-99 (9th Cir. 2007) (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831 (2002); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 398-99 (1987); *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89 (1938)*; Valles v. Ivy Hill Corp.,* 410 F.3d 1071, 1075 (9th Cir. 2005)). "It is generally agreed in this circuit, that the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" *Woodmen of the World/Omaha Woodmen Life Ins. Soc. v. Scarbro*, No. 03-5871, 129 Fed.Appx. 194, 2005 WL 873369, \*2 (6th Cir. Apr. 18, 2005) (quoting *Buckeye Recyclers v. CHEP USA,* 228 F.Supp.2d 818, 821 (S.D.Ohio 2002).

A disclaimer in a complaint regarding the amount of recoverable damages does not preclude a defendant from removing the matter to federal court upon a demonstration that damages are "more likely than not" to "meet the amount in controversy requirement," but it can be sufficient absent adequate proof from defendant that potential damages actually exceed the jurisdictional threshhold. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)).[4] Defendant concedes that the amount of compensatory damages sought by Plaintiff for the putative class would yield an award less than $5,000,000.[5] Defendant argues, however, that an award of punitive damages could reasonably result in a damage award well in excess of $5,000,000, even if a jury were to award a relatively modest punitive damages award equal only to the amount of compensatory damages.

As a general rule, this jurisdictional analysis must also take into account the ability of Plaintiff and the putative class to recover punitive damages, "unless it is apparent to a legal certainty that such cannot be recovered." *Hayes*, 266 F.3d at 572. Tennessee jurisprudence teaches that punitive damages are generally not available in breach of contract cases. *See Bland v. Smith*, 277 S.W.2d 377, 379 (Tenn. 1955). While punitive damages may be awarded in rare cases where breach of contract is coupled with a tort involving fraud, malice, gross negligence, or oppression, this case does not present such a situation. *See Medley v. A.W. Chesterton Co.*, 912 S.W.2d 748, 753 (Tenn. App. 1995).

In the Amended Complaint, Plaintiff "disclaims any...punitive damages" on his behalf or that of the class members. He has further disclaimed recovery of punitive damages by pleading only breach of contract claims. Although Defendant relies upon Plaintiff's averment that Defendant somehow prevented Plaintiff and other class members from discovering its actions, any claim of "fraudulent concealment" is isolated to the tolling of applicable statutes of limitations by virtue of the "discovery rule." Further, Plaintiff's prayer for relief seeks only to recover compensatory damages "for injuries and damages he has suffered," "a permanent injunction prohibiting" Nationwide from failing to assess for post-repair loss and "requiring Nationwide to pay" that loss of value if it exists in future instances, a permanent injunction "requiring that Nationwide establish a procedure to handle such claims," and "such other and further relief as it deems just and proper under the premises." There is no mention of punitive damages nor any indication that punitive damages are somehow due to Plaintiff or the putative class, in keeping both with his disclaimer and his decision to plead only claims for breach of contract.

Accordingly, there is no merit to Defendant's argument that an allegation of a breach of the contractual duty of good faith and fair dealing and Defendant's alleged attempt "to keep Plaintiff from discovering the truth about its contractual obligations" would be sufficient grounds upon which to base an award of punitive damages in this instance. To decide otherwise on these facts would require a strained reading of the complaint and completely discount Plaintiff's express disclaimer. Defendant presented evidence to the district court of potential compensatory damages, in the aggregate, of $3,247,360.00 that might be awarded to Plaintiff and the putative class. It follows that the amount in controversy in this matter does not exceed "the sum or value of $5,000,000, exclusive of interest and costs," and the federal courts do not have original jurisdiction over this matter. 28

---

[4] While Plaintiff urges the limitation of the holding in *Rogers* to those situations where a a plaintiff attempts to limit damages to an amount below the jurisdictional minimum after first seeking damages above the jurisdictional minimum, Plaintiff would have this Court overly limit the holding in *Rogers*. The Court in *Rogers* was, in fact, concerned with the application of Tenn. R. Civ. P. 54.03, which provides that "every final judgment shall grant relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."

[5] Specifically, based on its estimates of the number of claimants and the cost of paying similar claims in Georgia, Defendant contends that compensatory damages would likely total $3,247,360.00.

U.S.C. § 1332(d)(2).  Accordingly, the district court properly determined that Defendant failed to carry its burden to demonstrate that the amount in controversy exceeded $5,000,000.00, that it lacked jurisdiction over the matter, and that it should be remanded to state court.

### CONCLUSION

For the foregoing reasons, we **AFFIRM** the decision of the district court to remand this matter to Cocke County Circuit Court.