Jere A. **WEEKLEY**, Plaintiff

v.

**GUIDANT CORPORATION** and
**Cardiac Pacemakers, Inc.,**
Defendants.

No. 1:05CV00064 JLH.

United States District Court,
E.D. Arkansas,
Northern Division.

Sept. 23, 2005.

David A. Hodges, Attorney at Law, Little Rock, AR, for Plaintiff.

Deborah Ann Moeller, Kansas City, MO, M. Samuel Jones, III, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., Little Rock, AR, Rachel A. Emig, Kansas City, MO, Timothy A. Pratt, Shook, Hardy & Bacon, L.L.P., Kansas City, MO, for Defendants.

### *OPINION*

HOLMES, District Judge.

Jere Weekley filed a complaint against Guidant Corporation and Cardiac Pacemakers, Inc., in the Circuit Court of Jackson County, Arkansas, on July 26, 2004. The complaint alleged that the defendants supplied a defective pacemaker that proximately caused injury and damages to Weekley. The prayer for relief expressly limited damages claimed to an amount less than $75,000, the minimum amount for federal diversity jurisdiction.

On or about July 8, 2005, Weekley filed a document styled, "Amendment to Complaint; Motion for Class Certification." That document consists of one sentence incorporating the original complaint by reference and a four-paragraph motion for class certification alleging, in conclusory fashion, the elements of a class action as stated in Ark. R. Civ. P. 23. The putative class would include individuals who were supplied the same model of pacemaker that was supplied to Weekley and also other cardiac devices manufactured by defendants and subsequently removed in circumstances similar to Weekley's. On July

28, 2005, Guidant Corporation and Cardiac Pacemakers, Inc., filed a notice of removal pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453, as recently revised by the Class Action Fairness Act of 2005.

■ Section 9 of the Class Action Fairness Act provides, "The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act." The Class Action Fairness Act was enacted on February 18, 2005. Weekley argues that the civil action commenced when she filed her initial complaint on July 26, 2004, so the Class Action Fairness Act does not apply. The defendants argue that the July 8, 2005, amendment to Weekley's complaint, which for the first time sought nationwide class action status, constituted the "commencement" of a class action under the Class Action Fairness Act. Defendants note that the amendment to the complaint is not a routine amendment. They say that the amendment takes a single case by one individual and turns it into a nationwide class action. The defendants observe that the initial complaint could not have put them on notice that all of their cardiac devices were at issue, and they note that the initial complaint implicated the law of Arkansas, but the proposed class action would implicate the laws of all 50 states. Under these circumstances, the defendants argue, the "Amendment to Complaint; Motion for Class Certification" constituted commencement of a new civil action within the meaning of § 9 of the Class Action Fairness Act. The defendants cite *Senterfitt v. SunTrust Mortgage, Inc.*, 385 F.Supp.2d 1377 (S.D.Ga.2005), and *Heaphy v. State Farm Mut. Auto. Ins. Co.*, No. 05–5404, 2005 WL 1950244 (W.D.Wash. Aug. 15, 2005). *See also Pritchett v. Office Depot, Inc.*, 420 F.3d 1090 (10th Cir.2005); *Schorsch v. Hewlett–Packard Co.*, 417 F.3d 748, (7th Cir.2005); *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805 (7th Cir.2005).

■ Section 9 of the Class Action Fairness Act is about as clear and simple as a statute can be; it says that the Act "shall apply to any civil action commenced on or after the date of enactment of this act." Rule 3 of the Arkansas Rules of Civil Procedure, like Rule 3 of the Federal Rules of Civil Procedure, provides that an action is commenced by filing a complaint.[1] Because Weekley filed her complaint before February 18, 2005, the Class Action Fairness Act does not apply to this civil action.

When Congress said in § 9 of the Class Action Fairness Act that the Act would apply to "any civil action commenced" before February 18, 2005, it used clear, unambiguous, familiar legal terms. The phrase "any civil action" appears throughout the removal statutes. *See* 28 U.S.C. § 1441 *et seq.* Throughout the statutes, a "civil action" refers to the entire proceeding in a civil case. When a "civil action" is removed, the whole case, the whole proceeding, is removed. In narrow circumstances defined in 28 U.S.C. § 1452, "any claim or cause of action in a civil action" may be removed; which is to say that the statutes distinguish between "a claim or cause of action," and "a civil action." A claim or cause of action is asserted in and is a part of a civil action, but the term *civil action* is more encompassing—it includes motions, discovery, and all other components of the proceeding. The phrase *any civil action* in § 9 has the same meaning there as it has throughout the removal statutes. A civil action, viewed as the whole case, the whole proceeding, can only be commenced once. *See Sneddon v. Hotwire, Inc.*, 2005 WL 1593593 (N.D.Cal.

---

1. State law governs when a civil action is commenced for purposes of removal. *Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir.1989).

June 29, 2005). Pleadings may be amended, but amending pleadings does not commence a civil action. By definition, a civil action must already have been commenced before a pleading can be amended. Some claims asserted in the initial complaint may be dismissed, voluntarily or involuntarily, during the course of the action. Other claims may be added during the course of the action. Those new claims may dramatically change the action. Those claims may or may not "relate back" to the original complaint for limitations purposes. Nevertheless, a civil action, viewed as the entirety of the case or the entirety of the proceeding, commenced when the initial complaint was filed.

Twenty–Eight U.S.C. § 1446 states the procedure for removal. Subsection (b) provides that the notice of removal of a civil action or proceeding shall be filed within 30 days after the defendant receives a copy of the initial pleading setting forth the claim for relief or 30 days after service of summons, whichever is shorter. That subsection then adds:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

Had Congress intended that the Class Action Fairness Act apply to civil actions that were commenced before February 18, 2005, but did not become removable under that Act until after February 18, 2005, it would have been easy to add language to that effect in § 9. It would have been easy to include in § 9 a provision similar to the portion of 28 U.S.C. § 1446(b) quoted above. Perhaps it would have been better had such a provision been included, but it was not. It is not within the province of this Court to read into the statute a provision that Congress chose not to include. Congress could easily have inserted a provision like the portion of 28 U.S.C. § 1446(b) quoted above but did not.

Defendants earnestly argue that the amendment to the complaint does not relate back to the original complaint, and, conversely, plaintiff earnestly argues that it does. Whether it does or does not is irrelevant. Congress did not say that the Class Action Fairness Act would apply to actions in which the complaint was amended after February 18, 2005, so as to make the action removable, unless the amendment related back to the initial complaint, which is what the statute would need to say for the discussion of whether the amendment relates back to become relevant.

The action that defendants removed is the same civil action that Weekley commenced by filing a complaint in the Circuit Court of Jackson County on July 26, 2004. The parties are the same. The causes of action are the same. Weekley has moved for class certification, but defendants will no doubt oppose that motion. If the class certification is denied, this action will continue as nothing more than an action by Weekley against Guidant Corporation and Cardiac Pacemakers, Inc., for damages in an amount less than the minimum amount for federal diversity jurisdiction. If class certification is granted, the scope of the litigation will then be greatly expanded. However, Congress rejected a proposal to authorize removal for actions certified as class actions after the date of enactment. *Compare* H.R. 516, 109th Cong. § 7 (2005) (providing, in the original house bill, for removal in cases where a class certification order is entered after the Class Action Fairness Act's enactment date), *with* Class Action Fairness Act of 2005, Pub.L. 109–2, § 9, 119 Stat. 4, 14 (containing no such language). The terms *class action* and

*class action certification order* are defined terms in the Act. *See* 28 U.S.C. § 1332(d)(1). Congress could have made the Act applicable to civil actions in which a class action certification motion is filed after the date of enactment or to civil actions in which the class certification order is entered after the date of enactment, but it did not. Congress made the Act applicable to any civil action commenced after February 18, 2005. Congress did not make the Act applicable to any civil action commenced before that date. This civil action was commenced before that date. Therefore, the Class Action Fairness Act does not apply to it. The issue here is one of statutory construction. The statute is unambiguous.

### CONCLUSION

For these reasons, the motion to remand is GRANTED. This case is remanded to the Circuit Court of Jackson County, Arkansas.