**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

PRIME CARE OF NORTHEAST
KANSAS, LLC; NEW CENTURY
HEALTH QUALITY ALLIANCE,
INC.; JAMES MIRABILE, M.D.,
P.A.; PAINCARE, P.A.; KANSAS
CITY UROLOGY CARE, PA; THE
DRAKE INSTITUTE, PA; MIDWEST
NEUROSURGERY ASSOCIATES,
PA; COLLEGE PARK FAMILY
CARE CENTER, PA; UNITED
MEDICAL GROUP, LLC; KANZA
MULTISPECIALITY GROUP, PA;
STATLAND CLINIC LTD, PA;
HEARTLAND PRIMARY CARE, PA;
KANSAS CITY ALLERGY AND
ASTHMA ASSOCIATES, PA;
NELSON HARMON AND KAPLAN,
M.D.S., CHTD; HEAD & NECK
SURGERY OF KANSAS CITY, PA;
CONTEMPORARY WOMEN'S
CENTRE, LLC; CYNTHIA ROMITO,
MD; ASSOCIATED ORTHOPEDICS,
PA; DICKSON-DIVELY MIDWEST
ORTHOPEDIC CLINIC, INC.,

        Plaintiffs-Appellees,

v.

HUMANA INSURANCE COMPANY;
UNITED HEALTHCARE
INSURANCE COMPANY, INC.;
COVENTRY HEALTH & LIFE
INSURANCE COMPANY,

No. 06-3024

Defendants-Appellants,

and

BLUE CROSS AND BLUE SHIELD
OF KANSAS CITY, INC.; BLUE
CROSS AND BLUE SHIELD OF
KANSAS, INC.; GOOD HEALTH
HMO, INC; PREMIER HEALTH,
INC.; TOTAL HEALTH CARE, INC.;
COVENTRY SERVICES
CORPORATION, doing business as
Coventry Health Care, Inc.,

Defendants.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 05-CV-2227-KHV)**

Submitted on the briefs:[*]

Douglas M. Weems, Barry L. Pickens, Spencer Fane Britt & Browne, LLP,
Jeffrey J. Simon, Leonard L. Wagner, Husch & Eppenberger, LLC, Kansas City,
Missouri, H. Reed Walker, Law Offices of H. Reed Walker, P.A., Overland Park,
Kansas, for Appellants.

R. Frederick Walters, Walters Bender Strohbehn & Vaughn, P.C., Kansas City,
Missouri, for Appellees.

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

Before **BRISCOE**, **McKAY**, and **BRORBY**, Circuit Judges.

**BRISCOE**, Circuit Judge.

The Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4, amended 28 U.S.C. § 1332(d) to confer federal jurisdiction over class actions involving at least 100 members and over $5 million in controversy when minimal diversity (between any defendant and any plaintiff class member) is met. CAFA also added its own removal statute, permitting any defendant to remove a qualifying action without regard to the residence or consent of other defendants, *see* 28 U.S.C. § 1453(b), and providing discretionary appellate review of rulings on motions for remand notwithstanding the extant bar in 28 U.S.C. § 1447(d) to appeals from remand orders, *see* 28 U.S.C. § 1453(c)(1). CAFA applies "to any civil action commenced on or after [February 18, 2005]." 119 Stat. at 14. The question raised here is whether CAFA permits the removal of a class action filed before the Act's effective date if the removing defendant was first added by amendment after the effective date. The district court held CAFA does not apply in these circumstances and remanded the case to state court. On de novo review, *see, e.g.*, *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005); *see also*

-3-

*Dallis v. Martin*, 929 F.2d 587, 589 (10th Cir. 1991), we vacate the district court's order and remand for further proceedings.

Plaintiffs filed this class action in Kansas state court on February 14, 2005. They subsequently amended the pleadings several times, to correct and clarify party designations. On April 22, 2005, the state court granted them leave to file a fifth amended petition, in which they first named Defendants Humana Insurance Company, Coventry Health & Life Insurance Company, and United Healthcare Insurance. The state court also specifically held that the amended petition related back to the initial filing date. A month later, the newly added defendants removed the case under § 1453(b). Plaintiffs moved for remand, arguing that CAFA was not applicable because the case had been commenced prior to the Act's effective date. The removing defendants opposed the motion, contending that *as to them* the action commenced a month after CAFA's effective date, when they were first added to the pleadings. The district court granted the motion for remand, and the removing defendants appealed.[1]

In the short time since CAFA's passage, courts have adopted at least three distinct positions on the issue of commencement-by-amendment for purposes of

---

[1] This court granted defendants-appellants' application for appeal by order dated January 20, 2006. The sixty-day deadline for disposition of such an appeal specified in § 1453(c)(2) was extended, on agreement of the parties, until May 18, 2006, pursuant to § 1453(c)(3)(A).

removal under the Act. A few, like the district court here, insist that a "civil action" can "commence" only once and, thus, take the absolute position that if an action was commenced prior to CAFA's effective date, no post-CAFA amendment of the pleadings can bring the Act into play. *See Comes v. Microsoft Corp.*, 403 F. Supp. 2d 897, 903 (S.D. Iowa 2005) (following *Weekley v. Guidant Corp.*, 392 F. Supp. 2d 1066, 1067-68 (E.D. Ark. 2005)). Most courts, however, concede that the addition of a new claim sufficiently distinct from prior pleadings may commence a new action removable under CAFA by the affected parties.

The latter courts also generally agree that whether an amendment is distinct enough to give rise to a new commencement date is properly gauged by the forum state's law governing the relation-back of pleading amendments. This broad consensus splits into two opposing views, however, regarding the treatment of amendments that add new defendants to a case. On one view, the relation-back analysis controls the commencement question for all amendments, no distinction being made for amendments adding new defendants (of course, the requirements that must be met for amendments adding defendants to relate back are strict). *See Plubell v. Merck & Co.*, 434 F.3d 1070, 1071-72 (8th Cir. 2006); *see, e.g.*, *Eufaula Drugs, Inc. v. ScripSolutions*, 2005 WL 2465746, at \*2-\*4 (M.D. Ala. Oct. 6, 2005) (holding CAFA inapplicable where amendment adding defendant related back to pre-CAFA filing); *New Century Health Quality Alliance, Inc. v.*

-5-

*Blue Cross & Blue Shield of Kan. City, Inc.*, 2005 WL 2219827, at \*3-\*5 (W.D. Mo. Sept. 13, 2005) (same). On the other view, the relation-back analysis controls for all amendments except those adding defendants, which are categorically treated as commencing a new case as to the added defendants. *See Braud v. Transp. Serv. Co.*, 2006 WL 880051, at \*1-\*4 (5th Cir. Apr. 6, 2006) (following approach stated, but not yet dispositively applied, by Seventh Circuit in such cases as *Schillinger v. Union Pac. R.R.*, 425 F.3d 330, 333 (7th Cir. 2005) and *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 807 (7th Cir. 2005)); *Adams v. Fed. Materials Co.*, 2005 WL 1862378, at \*3-4 (W.D. Ky. July 28, 2005) (same).

In sum, courts addressing post-CAFA pleading amendments have held that such amendments either (1) do not affect the pre-CAFA commencement date of the case; (2) affect the commencement date only if they do not relate back; or (3) affect the commencement date if they do not relate back or if they add new defendants to the case. This circuit has not yet confronted this specific issue.[2] For the reasons that follow, we now adopt the second position.

The view that post-CAFA amendments do not affect pre-CAFA commencement dates turns on Congress' use of the phrase "civil action" in

---

[2] We have held that a case commenced in state court prior to CAFA is not "recommenced" post-CAFA by the act of removal itself. *See Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-97 (10th Cir. 2005).

CAFA's effective date provision. Noting that "[a] civil action, viewed as the whole case, the whole proceeding, can only be commenced once," the courts embracing this position concede that "new claims may dramatically change the action" and "may or may not 'relate back' to the original complaint," but they still conclude that such proceedings cannot alter the fact that the civil action "commenced when the initial complaint was filed." *Weekley*, 392 F. Supp. 2d 1067-68; *see Comes*, 403 F. Supp. 2d at 903. For these courts, it is of controlling significance that "Congress *did not say* [CAFA] would apply to actions in which the complaint was amended after February 18, 2005 . . . unless the amendment related back to the initial complaint." *Weekley*, 392 F. Supp. 2d at 1068 (emphasis added); *see Comes*, 403 F. Supp. 2d at 903 ("If Congress had intended the CAFA to apply to currently pending cases that were amended after the enactment of the CAFA, it could have explicitly done so.").

A pointed rebuttal to this rationale for adopting the first position, i.e., that post-CAFA amendments do not affect pre-CAFA commencement dates, has been given by one of the courts adopting the third position, i.e., that post-CAFA amendments that do not relate back or that add defendants give rise to new commencement dates. In *Braud*, the district court held that an amendment adding a defendant did not commence a new action, relying on the same basic point cited above from *Weekley* and *Comes*. The Fifth Circuit reversed, noting that the

existence of established legal principles relating commencement to amendment (in this instance, amendments adding defendants) belied the idea that Congress' general reference to commencement of a civil action without an explicit direction for the treatment of pleading amendments must render pleading amendments categorically irrelevant:

> [T]he district court's remark that "there's no specific language in the CAFA legislation itself . . . that would support that position that if a new party was added [post-CAFA to a pre-CAFA case then] CAFA would apply" misses the mark. Precisely because CAFA does not define "commencement" of an action, it is obvious that CAFA is not intended to replace caselaw deciding when a lawsuit is considered "commenced" as to a new defendant.

> The caselaw holds that generally "a party brought into court by an amendment, and who has, for the first time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court. *United States v. Martinez*, 195 U.S. 469, 473 . . . (1904) (citing *Miller v. M'Intyre*, 31 U.S. (6 Pet.) 61, 8 L.Ed. 320 (1832)). As the *Miller* Court explained, this is because it "would be a novel and unjust principle to make the defendants responsible for a proceeding of which they had no notice." *Miller*, 61 U.S. at 64.

*Braud*, 2006 WL 880051, at *2.

There is, however, a broader point to be made here that reinforces *Braud's* contextual/historical criticism of the absolute position reflected in *Weekley* and *Comes* but at the same time brings some of the same criticism to bear on the position espoused in *Braud* and the Seventh Circuit cases. Underlying *Braud's* reliance on the *Martinez* and *M'Intyre* cases in the quoted passage is the principle,

-8-

repeatedly invoked by the Supreme Court, that "Congress is presumed to enact legislation with knowledge of the law and a newly-enacted statute is presumed to be harmonious with existing law and judicial concepts." *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1336 (Fed. Cir. 2006) (collecting Supreme Court cases); *see Bd. of County Comm'rs v. U.S. E.E.O.C.*, 405 F.3d 840, 845 (10th Cir. 2005). *Braud* fails to acknowledge, however, that the relevant law and judicial concepts in the pleading-amendment context have developed significantly since the *Martinez* case was decided in 1904.

With the issuance of the Federal Rules of Civil Procedure in 1938, pleading amendments were controlled by Rule 15(c), which did not maintain the simple equation of amendment and commencement reflected in the old law cited by *Braud*, but looked instead to more recent relation-back principles. Indeed, when courts failed to heed this move from automatic recognition of a new proceeding to a nuanced relation-back analysis, the Rule was amended in 1966 "to state more clearly when an amendment of a pleading changing [defendants] shall 'relate back' to the date of the original pleading." Advisory Committee's 1966 Note on Subd. (c) ("Analyses in terms of 'new proceedings' is traceable to [cases that] antedate the adoption of the Rules which import different criteria for determining when an amendment is to 'relate back.' As lower courts have continued to rely on [outdated] cases despite the contrary intent of the Rules, clarification of Rule

15(c) is considered advisable."). Especially telling here is the Advisory Committee's pointed clarification that, when the addition of a defendant satisfies relation-back criteria, "characterization of the amendment as a new proceeding is not responsive to the realty [sic], but is merely question-begging; and to deny relation back is to defeat unjustly the claimant's opportunity to prove his case." *Id.* We note that, as the Kansas rule applied in this case reflects, state relation-back doctrines have largely tracked the federal rule. Steven S. Sparling, Note, *Relation Back of "John Doe" Complaints in Federal Court: What You Don't Know Can Hurt You*, 19 Cardozo L. Rev. 1235, 1266 & nn.250, 251 (Dec. 1997).

Thus, when Congress tied CAFA's effective date to the legal concept of commencement, it did so presumptively aware that – contrary to the principle invoked by the Fifth and Seventh Circuit cases applying CAFA – an amendment adding a defendant does not necessarily commence a new action as to that defendant.[3] Nor, contrary to *Comes* and *Weekley*, are commencement and

---

[3]     We do not gainsay the equitable appeal of allowing a defendant added to a suit by a post-CAFA amendment to remove the case that has just been asserted "*against it*." *Schillinger*, 425 F.3d at 333 (quotation omitted). But this appeal quickly diminishes once it is recognized that the relation-back analysis prescribed by both Rule 15(c) and its Kansas counterpart, Kan. Stat. Ann. § 60-215(c)(2), already accounts for the "new case against this defendant" idea: these rules specify that an amendment adding a defendant relates back to the original pleading only if the defendant "received such notice of the institution of the

(continued...)

-10-

amendment properly seen as utterly unrelated matters.[4]  Rather, the relevant landscape in which both of these legal concepts reside has for some time been governed by the relation-back principle.  This is the fundamental underpinning for the position that the effect of post-CAFA amendments should be a function of whether they relate back to the pre-CAFA filing.

There is one other justification invoked for the position adopted by the Fifth and Seventh Circuits that we should address.  The argument notes that the general removal statute grants newly served defendants (served with the initial pleading if the case is removable or with an amended pleading if the amendment makes the case removable) thirty days to remove, *see* 28 U.S.C. § 1446(b), and from this concludes that a defendant added after CAFA's effective date should be able to remove because it has been given this procedural window in which to do so.  *Knudsen*, 411 F.3d at 807; *see Braud*, 2006 WL 880051, at \*3 (following

_____

[3](...continued)
action that the party [will/would] not be prejudiced in maintaining a defense" and, in fact, "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."  In effect, an amendment adding defendants to a case will relate back, and thus not commence a new case, only when it really is not a new case against those defendants.

[4]     It is worth noting that the unqualified disregard of any post-CAFA pleading amendments espoused by *Comes* and *Weekley* entails the practically untenable result that once a pre-CAFA case is filed, the plaintiff can tack on new causes of action so substantively independent of the original case that they would be properly treated as filed after CAFA's effective date for all legal purposes controlled by Rule 15(c) *except for CAFA*.

*Knudsen* rationale); *Adams*, 2005 WL 1862378, at \*3 (same). The jump from premise to conclusion here turns on a conflation of two concepts that should be kept distinct: *a substantive basis for removal* (here the federal action created by CAFA) and *a procedural opportunity to effect removal* on that substantive basis. A procedural opportunity to assert a substantive right does not create the right to be asserted; the opening of a window to seek removal under CAFA merely *raises* the question of whether CAFA is applicable to the case at that time, it does not answer it. Indeed, this particular conflation of substantive and procedural removability is very much at odds with our holding in *Pritchett*, *see supra* at 6, n.2, which took pains to clarify that CAFA's substantive applicability to a case did not turn on the procedural event of removal.

Moreover, the confusion of a removal window with the substantive right to remove would lead to absurd consequences, which can be illustrated by a simple example. Because § 1446(b) grants the defendant thirty days to remove a case following service of the complaint, if a removal window after CAFA's effective date is enough to trigger application of CAFA, then CAFA actually applies to all civil actions commenced after *or up to thirty days before* its designated effective date – a bizarre result contrary to the plain wording of the Act's effective date.

For the reasons discussed above, we hold that whether a post-CAFA amendment triggers a substantive right of removal under CAFA by the affected

parties depends on whether the amendment relates back to the pre-CAFA pleading that is being amended. Because the district court followed the absolute approach reflected in *Comes* and *Weekley*, under which no post-CAFA amendment would grant removal rights under the Act, it did not consider whether the amendment at issue properly related back to the commencement of the case when it remanded the proceeding to state court.[5] We therefore vacate the district court's order and remand to the district court for further proceedings consistent with this opinion, in particular for a determination whether the amendment adding the removing defendants related back to the pre-CAFA commencement of this action.[6]

The order of the district court is VACATED and the cause REMANDED to the district court for further proceedings.

---

[5]     We note the state court's initial (ex parte) order holding that the operative amendment related back is inherently non-final and subject to reconsideration in federal court. *See* 16 James Wm. Moore, *Moore's Federal Practice* § 107.31[3] (3d ed. 2006); *see also* 28 U.S.C. § 1450.

[6]     As noted, the prevailing view is that this determination should be governed by the law of the state in which the action was commenced. Given the essentially identical text of Rule 15(c) and Kan. Stat. Ann. § 215(c), *see supra* at 10 n.3, it appears unlikely that a choice between federal and state law is necessary to our resolution of this case. At this juncture, however, we do not express an opinion as to whether federal or state law should control. Of course, it is still possible that federal and state case law applying the same language has diverged in some material respect. We therefore do not foreclose the district court's consideration of the matter on remand in the event the parties develop opposing positions based on a demonstrable divergence between federal and state law on the facts of this case.