**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MELODIE MCATEE, individually and
on behalf of all others similarly
situated,
                    *Plaintiff-Appellee,*

                    v.

CAPITAL ONE, F.S.B., a Foreign
Corporation; CAPITAL ONE
SERVICES, a Foreign Corporation;        No. 07-55065
CAPITAL ONE FINANCIAL                    D.C. No.
CORPORATION, a Foreign                CV-06-00709-CJC
Corporation; CAPITAL ONE BANK, a
Foreign Corporation,                     OPINION
                    *Defendants-Appellants,*

                    and

JOHN DOES, 1 Through 20,
Inclusive
                    *Defendant.*

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted
March 14, 2007—San Francisco, California

Filed March 16, 2007

Before: Procter Hug, Jr., Melvin Brunetti, and
William A. Fletcher, Circuit Judges.

Opinion by Judge William A. Fletcher

3351

## COUNSEL

James R. McGuire, Dean J. Zipser, Morrison & Foerster, Irvine, California, for the appellants.

Anthony A. Ferrigno, San Clemente, California; David J. Franklin, Franklin & Franklin, San Diego, California, for the appellee.

**OPINION**

W. FLETCHER, Circuit Judge:

Melodie McAtee, a California citizen, filed an amended complaint in California state court before the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in scattered sections of 28 U.S.C.), naming as defendants Capital One, F.S.B., Capital One Services, and John Doe defendants 1 to 20. After the effective date of CAFA, McAtee amended her complaint to substitute Capital One Bank for one of the Doe defendants. Capital One Bank removed the action to federal district court based on the supposed authority of CAFA. Capital One Bank argued that the substitution "commenced" a civil action within the meaning of CAFA, and that CAFA therefore applied to McAtee's suit and authorized removal.

The district court remanded, holding that McAtee's action commenced upon the filing of the original complaint. We affirm.

## I.   Procedural Background

This action has a lengthy procedural history. On August 13, 2004, Susanne Ball filed a complaint in Orange County Superior Court under section 17204 of the California Business and Professions Code. Ball's complaint named as defendants Capital One, F.S.B. and Capital One Services. Both are subsidiaries of Capital One Financial Corporation. The complaint also named John Doe defendants 1 through 20, as permitted by section 474 of California Code of Civil Procedure. Ball's complaint alleged that provisions in the credit card contracts of the two named defendants constituted unlawful business practices under California law. Ball filed an amended complaint on November 6, 2004, which the two named defendants answered on December 10, 2004.

On November 2, 2004, California voters approved Proposition 64, which limited the ability of citizens to bring claims under Section 17204. *Compare* Cal. Bus. & Prof. Code § 17204 (West 1997) (allowing claims to be brought by "any person acting for the interests of . . . the general public") *with* Cal. Bus. & Prof. Code § 17204 (West 2005) (allowing actions brought by "any person who has suffered injury in fact and has lost money or property"). The limitation applied retroactively to all pending cases. *Id.*

In May 2005, the Superior Court held that Proposition 64 prevented Ball from pursuing her claim against Capital One, F.S.B. and Capital One Services. A second amended complaint was filed on June 1, 2005, in which McAtee replaced Ball as the plaintiff. The two named defendants removed the action to federal district court based on supposed authority of the recently enacted CAFA. CAFA applies to "any civil action commenced on or after" February 18, 2005. Pub. L. No. 109-2, § 9, 119 Stat. 4, 14 (codified at 28 U.S.C. § 1332).

McAtee moved to remand. The federal district court granted the motion, holding that the action had "commenced" within the meaning of CAFA on August 13, 2004, when Ball's original complaint was filed. The defendants filed a petition to appeal under CAFA, Pub. L. No. 109-2, § 5, 119 Stat. 4, 12 (codified at 28 U.S.C. § 1453(c)), which we denied.

After remand, McAtee learned that her credit card contract was with a different subsidiary of Capital One Financial. Her contract was with Capital One Bank rather than Capital One, F.S.B. or Capital One Services. On June 22, 2006, McAtee filed an amended complaint substituting Capital One Bank in place of one of the Doe defendants. McAtee dismissed her claims against the other two named defendants.

Capital One Bank, like the two previous named defendants, removed to federal district court based on the supposed

authority of CAFA. McAtee moved to remand. The district court again held that Ball's initial complaint filed on August 13, 2004, commenced McAtee's action, and remanded to state court.

We granted Capital One Bank's petition for appeal to this court. We must decide whether substitution of a named defendant for a Doe defendant in a California state court action commences a civil action against the new named defendant within the meaning of CAFA. Looking to California law for the definition of commence, we conclude that it does not. We therefore affirm.

## II.   Standard of Review

We review the district court's interpretation of CAFA de novo. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683 (9th Cir. 2005). If we have jurisdiction under CAFA to review a district court's remand order, we review de novo. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 2007 WL 678221, *2 n.3 (9th Cir. 2007).

## III.   Discussion

Our decision is controlled by our recent decision in *Progressive West v. Preciado*, ___ F.3d ___ (9th Cir. 2007), 2007 WL 725717, at *1, published just before oral argument in this case. Assuming *arguendo* that a defendant's counterclaim could serve as a basis for a CAFA-based removal by the plaintiff, we held in *Preciado* that an amendment to a cross-complaint in California state court (a counterclaim in federal court) does not commence an action under CAFA as of the date of the amendment. 2007 WL 725717, at *3. (We also held, contrary to our *arguendo* assumption, that CAFA does not depart from the normal rule under 28 U.S.C. § 1446 that a counterclaim does not provide a basis for removal. *Id.* at *3-4.)

**[1]** In *Preciado*, we followed our previous decision in *Bush v. Cheaptickets, Inc.*, 425 F.3d 683 (9th Cir. 2005), which requires that we look to state law to determine when an action has been commenced under CAFA. *See also Braud v. Transp. Servs. Co.*, 445 F.3d 801, 803 (5th Cir. 2006) (citing *Bush* for proposition that "when a lawsuit is initially 'commenced' for purposes of CAFA is determined by state law"). We wrote, "Although CAFA does not define the term 'commenced,' we have held that an action commences for purposes of CAFA when a suit becomes 'a cognizable legal action in state court' under '[a] state's own laws and rules of procedure.' " 2007 WL 725717, at *2 (quoting *Bush*, 425 F.3d at 686).

We looked to California state law in *Preciado*. We noted that California courts have employed the relation back doctrine for only two purposes — for the purpose of applying the statute of limitations, and for the purpose of applying timeliness rules for serving process. *Preciado*, 2007 WL 725717, at *2-3. So far as we were able to determine, the relation back doctrine has never been used in California for the purpose of determining a statute's effective date. We therefore held that for the purpose of determining CAFA's effective date, an action is commenced under California law when the original complaint in the action is filed, irrespective of any relation back analysis. *Id.* at *2 (citing Cal. Civ. Proc. Code § 350 (West 2006) ("An action is commenced, within the meaning of this Title, when the complaint is filed.")).

We take this occasion to provide further explanation of our holding in *Preciado*, and to apply it to the Doe defendant practice in California.

### A.    Definition of Commence Under State Law

Much of the discussion in federal courts about the definition of "commence" has involved the operation of Federal Rule of Civil Procedure 3. Rule 3 provides that "a civil action is commenced by filing a complaint" with the federal district

court. The Supreme Court has looked to the federal definition of commence in Rule 3 for the purpose of tolling the statute of limitations in an action based on federal law. *West v. Conrail*, 481 U.S. 35 (1987). However, the Court has looked to the state law definition of commence for that purpose in an action based on state law. *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980). Class actions removable under CAFA are diversity suits based on state law. Thus, in *Bush* we were following the lead of the Court in *Walker* and *West v. Conrail* when we held that we must look to the state-law definition of commence to determine the meaning of that term in CAFA. *See Bush*, 425 F.3d at 686.

**[2]** Because McAtee's suit was filed in California state court, we look to California law to determine whether her action was commenced before the effective date of CAFA. All of the federal courts of appeals that have so far addressed the question of when an action is commenced under CAFA have relied at least in part on state-law relation back doctrine. *Prime Care of Ne. Kan. v. Humana Ins. Co.*, 447 F.3d 1284, 1289 (10th Cir. 2006) (holding that "the effect of post-CAFA amendments should be a function of whether they relate back to the pre-CAFA filing"); *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006) (stating that when complaint was amended to replace class representative "[t]he issue becomes whether the amendment relates back or is instead a new action"); *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 757 (7th Cir. 2006) (holding that amending a complaint to add new claims commenced new litigation for purposes of CAFA and employing relation back principles); *see also Braud v. Trans. Serv. Co.*, 445 F.3d 801, 806 (5th Cir. 2006) (noting that "the same result" that addition of a new defendant commences an action under CAFA would be reached if "the relation back test were used"). A number of district courts, however, have not done so. *See Lowery v. Honeywell Intern., Inc.*, 460 F. Supp. 2d 1288, 1292 (N.D. Ala. 2006); *Comes v. Microsoft Corp.*, 403 F. Supp. 2d 897, 903 (S.D. Iowa 2005); *Weekley v. Guidant Corp.*, 392 F. Supp. 2d 1066, 1067-68

(E.D. Ark. 2005); *In re Expedia Hotel Taxes and Fees Litigation*, 377 F. Supp. 2d 904, 906 (W.D. Wash. 2005). In *Preciado*, we declined to follow the courts of appeals that have applied the relation back doctrine. Instead, we simply applied the definition of commence used in Section 350 of the California Civil Procedure Code, which provides that an action is "commenced" when the complaint is filed. *Preciado*, 2007 WL 725717, at *2.

Following *Preciado*'s approach to the definition of commencement comports with the purpose of both the relation back doctrine and CAFA. When the ultimate question before the court is whether to dismiss an action for lack of timeliness, it makes sense to apply the relation back doctrine, for in such cases the very survival of the action is at issue. If the action is dismissed, the defendant is forever free from suit by that plaintiff on the claims in that action. The relation back doctrine is formulated slightly differently from one jurisdiction to another, but the common premise of all the formulations is that, when the stakes involve the survival of the action, a defendant should not be ambushed by a late-filed or late-served action. Thus, for example, an amendment to the complaint that is filed or served after the running of the statute of limitations will be allowed to relate back to the date of the original complaint only when the defendant would not be unfairly surprised. *See, e.g.*, Fed. R. Civ. P. 15(c).

By contrast to a case in which the statute of limitations is at issue, the stakes are lower when the question is whether a case is covered by CAFA. The case will be allowed to go forward, in some forum, whether CAFA applies or not. If CAFA applies, the action may go forward in federal court if a defendant files a timely motion for removal. If CAFA does not apply, the action must go forward in state court unless there is some other basis for removal to federal court.

We recognize, of course, that the parties often have preferences — sometimes quite strong preferences — as to forum.

Indeed in enacting CAFA, Congress expanded the availability of the federal forum to accommodate concerns of class action defendants. *See* Pub. L. No. 109-2, § 1, 119 Stat. 4, 5 (codified at 28 U.S.C. § 1711). But even after CAFA's enactment, *Erie*-related doctrines ensure that, for the most part, removal of a CAFA case from state to federal court produces a change of courtrooms and procedure rather than a change of substantive law. The only change of substantive law effected by CAFA is a limitation of coupon-based settlements, *see* Pub. L. No. 109-2, § 3, 119 Stat. 4, 6 (codified at 28 U.S.C. § 1712), but we do not think that this one substantive change materially changes our analysis of the relative stakes between statute of limitations and CAFA cases.

**[3]** Because of the difference in stakes in statute of limitations and CAFA cases, the considerations that have gone into the formulation of the relation back doctrine have relatively little bearing on whether CAFA should apply to a class action filed in state court. In a CAFA case, we need be less concerned about avoiding unfair surprise of a defendant, and more concerned about having a clear and easy-to-follow rule. We therefore held in *Preciado* that, in the absence of any clear indication in state law to the contrary, relation back doctrine should not be imported into the determination of when an action is commenced in state court for purposes of CAFA. 2007 WL 725717, at *3. Instead, at least in California, we simply look to the date on which the original complaint in the action was filed. *Id.*

## B.   Application to Doe Defendant Cases

Our prior decisions in *Bush* and *Preciado* make this case easy. *Bush* tells us that commencement of an action for purposes of CAFA is determined under the law of the state in which the action is filed. 425 F.3d at 686. *Preciado* tells us that an action filed in California state court is commenced for purposes of CAFA when a complaint is filed, irrespective of any later amendment of that complaint. 2007 WL 725717, at

*2-3. *See also Rezendes v. Dow Corning Corp.*, 717 F. Supp. 1435, 1437 (E.D.Cal. 1989) (stating that it is "undisputed" that the California action "commenced" when it was filed in state court), *abrogated on other grounds by Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998); *Coman v. Int'l Playtex, Inc.*, 713 F. Supp. 1324, 1328 (N.D. Cal. 1989) ("California law clearly defines the time an action is commenced as the time when it is filed.").

Capital One Bank contends, despite our opinion in *Preciado*, that a new action is commenced for the purpose of the effective date of CAFA by adding a new defendant. It cites, for example, *Jackson v. Lacy*, 100 P.2d 313, 317 (1940), in which the California Court of Appeal wrote, "As against [the newly added defendant] this action was not commenced until January 13, 1937, when for the first time [this defendant] was made a party by the filing of plaintiff's second amended complaint." According to Capital One Bank, the only effect of *Preciado* is that the relation back doctrine does not apply to the new defendant. Thus, according to Capital One Bank, an amended complaint adding a new defendant commences a new action as to that defendant, even if the defendant is sufficiently related to the allegations in the original complaint that California's relation back doctrine would deprive that defendant of a statute of limitations defense to the new complaint.

**[4]** We do not read *Preciado* to require such a counterintuitive result. Rather, we read it to hold, quite simply, that a California state court action is commenced for the purpose of the effective date of CAFA when the original complaint is filed. 2007 WL 725717, at *2. Any amendment of that complaint — whether to add new causes of action, to add or replace plaintiffs, or to add or replace defendants — does not change that commencement date. In the case before us, the original complaint in this action was filed on August 13, 2004, by Susanne Ball. That is the date of the commencement of the action for the purpose of the effective date of CAFA.

## Conclusion

**[5]** Because this action was commenced before its effective date, CAFA and its removal provisions do not apply. Specifically, CAFA's provision amending 28 U.S.C. § 1447(d) to allow appellate review of a district court's remand order does not apply. Pub. L. No. 109-2, § 5, 119 Stat. 4, 12 (codified at 28 U.S.C. § 1453(c)). In its unamended form applicable to this appeal, § 1447(d) provides that we have no jurisdiction to review a district court's remand order. We therefore dismiss Capital One Bank's appeal for want of jurisdiction.

DISMISSED.