**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MEL JEAN WEBER, Special
Representative of the Estate of Tom
Ruble, Individually; DONALD
CLAUSSEN, Individually and as Alleged
Class Representative; ZELMA BEERS,
Individually and as Alleged Class
Representative; COLEEN MANNERING,
Individually and as Alleged Class
Representative; CHARLES KENNETH
DODSON, Trustee of the Charles Kenneth
Dodson Revocable Trust, Individually and
as Alleged Class Representative; DON
GARNER, Individually and as Alleged
Class Representative,

        Plaintiffs-Intervenors -
        Appellees,

    v.

MOBIL OIL CORPORATION, a
corporation; EXXON MOBIL OIL
CORPORATION, a corporation; MOBIL
EXPLORATION & PRODUCING
SERVICES, INC.; MOBIL
EXPLORATION & PRODUCING U.S.,
INC., a corporation; MOBIL NATURAL
GAS, INC., a corporation,

        Defendants-Petitioners -
        Appellants.

No. 06-6337

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D. Ct. No. CIV-05-1175-L)**

---

Jonathan D. Hacker, O'Melveny & Myers, LLP, Washington, D.C. (Charles E. Borden, O'Melveny & Myers, LLP, Washington, D.C., and Brian S. Engel, McGinnis, Lochridge & Kilgore, Austin, Texas, with him on the briefs), appearing for Appellants.

Robert D. Tomlinson, Tomlinson & O'Connell, P.C., Oklahoma City, Oklahoma (Kenneth N. McKinney, Mary E. Nelson, and Toby M. McKinstry, Tomlinson & O'Connell, P.C., Oklahoma City, Oklahoma; Jeremy Thurman, Napoli Bern Ripka LLP, Oklahoma City, Oklahoma; and Paul Napoli and Marc Jay Bern, Napoli Bern Ripka LLP, New York, New York, with him on the brief), appearing for Appellees.

---

Before **TACHA**, Chief Circuit Judge, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

**TACHA**, Chief Circuit Judge.

---

Defendants-Petitioners Mobil Exploration & Producing, U.S. ("MEPUS") and Mobil Natural Gas, Inc. ("MNGI") removed a putative class action filed in Oklahoma state court to federal court under the Class Action Fairness Act ("CAFA"), Pub L. No. 109-2, 119 Stat. 4 (2005) (codified as amended in scattered sections of 28 U.S.C.). The District Court remanded the case to state court. MEPUS and MNGI then filed a petition in this Court for leave to appeal the remand order. Because we conclude that this action commenced prior to the effective date of CAFA, we do not have jurisdiction to hear the defendants'

-2-

appeal and therefore deny their petition for review.

## I.  BACKGROUND

This case originated in May 2001, when J.C. Dobbins filed a class action petition in Oklahoma state court against Mobil Oil Corporation, Inc.[1] and Mobil Exploration & Producing, North America.[2]  The current class definition[3] includes owners of a "royalty interest" in the oil and gas underlying certain Oklahoma land on which ExxonMobil Oil Corporation operates oil and gas wells.  The putative class sought damages for breach of contract, breach of plan unitization, conversion, fraud, breach of fiduciary duties, and for a violation of the Oklahoma Production Revenue Standards Act.  It also sought equitable relief in the form of an accounting and a constructive trust.

More than three years later, in October 2004, Colleen Mannering and two other individuals—all of whom were apparently included in the class definition outlined in the state action—filed a similar, though not identical, class action in federal district court against the same two defendants.  That putative class also included royalty interest owners of oil and gas in the same Oklahoma land, but it

---

[1]Approximately one month after this case was filed, Mobil Oil Corporation, Inc. changed its name to ExxonMobil Oil Corporation.

[2]The petition also named Whiting Petroleum Corporation as a defendant. That entity is no longer a party to this suit.

[3]The current class definition was modified from the original proposed definition by the Second Amended Petition, which was filed in state court in December 2004.

was defined more broadly than the putative class in state court. Furthermore, in addition to raising the same claims for damages and equitable relief as the state action, the federal action also sought damages for breach of the implied duty to market and tortious breach of contract, as well as for declaratory judgment and a resulting trust.

In December 2004, the plaintiffs in the state-court class action filed a second amended petition adding MEPUS and MNGI as defendants. These entities were never named in the federal action.

The following year, in September 2005, the federal plaintiffs and the state plaintiffs reached an agreement whereby the plaintiffs in the federal class action voluntarily dismissed their complaint and filed a petition to intervene in the state-court action. The plaintiff intervenors sought to assert class claims under its expanded class definition and to assert the additional claims for damages and equitable relief it raised in its federal petition. After hearing arguments, the state-court judge allowed the intervention, but required the intervenors to accept the class definition and claims as pleaded in the second amended petition.

MNGI and MEPUS then removed the case to the Western District of Oklahoma under CAFA, which was enacted on February 18, 2005, and which extends the subject matter jurisdiction of the federal courts to encompass putative class actions in which at least one plaintiff class member is diverse from one defendant and where the amount in controversy exceeds $5 million. 28 U.S.C. §

1332(d); *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1092 (10th Cir. 2005). The plaintiffs then moved to remand to Oklahoma state court, arguing that CAFA did not apply to the action.[4] The District Court agreed and granted the motion. *Weber v. Mobil Oil Corp.*, 2006 WL 2045875, at *3, *5 (W.D. Okla. July 20, 2006).

MEPUS and MNGI filed a timely petition with this Court for leave to appeal the District Court's remand order. *See* 28 U.S.C. § 1453(c). A panel of this Court provisionally granted the petition but reserved the final disposition of the petition to this merits panel. We now deny the petition for lack of jurisdiction.

## II. DISCUSSION

Generally, an order remanding a case to the state court from which it originated is not reviewable on appeal. *See* 28 U.S.C. §1447(d). MEPUS and MNGI, however, filed their petition seeking leave to appeal under 28 U.S.C. § 1453(c)(1), a provision of CAFA that gives the federal appellate courts discretionary jurisdiction to consider appeals of remand orders in certain types of class actions. *Pritchett*, 420 F.3d at 1093. The provisions of CAFA, including 1453(c)(1), apply "to any civil action commenced on or after the date of enactment of this Act." 119 Stat. at 14; *Pritchett*, 420 F.3d at 1094. Our

---

[4]There is no dispute among the parties that if CAFA applies to this action, it is properly removable.

first—and, as it turns out, our last—task in this case is to determine whether this case "commenced" on or after the effective date of CAFA such that we may assert jurisdiction over this case pursuant to § 1453(c)(1). *See Pritchett*, 420 F.3d at 1094 ("[F]ederal courts always have jurisdiction to consider their own jurisdiction."). As we explain below, we conclude that this action was commenced prior to the effective date of CAFA. Section 1453(c)(1) therefore does not provide a jurisdictional basis for considering the District Court's remand order.

As noted, CAFA applies "to any civil action commenced on or after the date of enactment of this Act," which was February 18, 2005. 119 Stat. at 14. This class action originated well before then, when Mr. Dobbins filed his class-action petition in Oklahoma state court in 2001. Under the general rule, filing the petition in state court commenced the action. *See Pritchett*, 420 F.3d at 1094 ("[T]he general federal rule [is] that a lawsuit is commenced at a discrete moment in time: the filing of the original complaint in a court of competent jurisdiction."); Okla. Stat. Ann. tit. 12, § 2003 ("A civil action is commenced by filing a petition with the court."). The one-time federal plaintiffs, however, intervened in this action in September 2005—several months after the enactment of CAFA. MEPUS and MNGI argue that the federal plaintiffs' intervention "commenced" a new lawsuit.

In determining whether the intervening plaintiffs commenced a new action

-6-

that would trigger application of CAFA, we begin by noting that in order to preserve our constitutional role as limited tribunals, we narrowly construe statutes conferring jurisdiction on federal courts. *Id.* at 1094–95. "[I]f there is ambiguity as to whether the instant statute confers federal jurisdiction over this case, we are compelled to adopt a reasonable, narrow construction." *Id.* at 1095.

In support of their position that this action commenced anew when the state court granted the petition in intervention, MEPUS and MNGI rely heavily on this Court's decision in *Prime Care of Northeast Kansas, LLC v. Humana Insurance Co.*, 447 F.3d 1284 (10th Cir. 2006). In *Prime Care*, the plaintiffs filed a class action in state court four days before CAFA was enacted. 447 F.3d at 1285. Two months later, the plaintiffs amended the pleadings to add three new defendants. *Id.* The newly added defendants removed the case, and the plaintiffs filed a motion to remand, which the district court granted. *Id.* We accepted the defendants' petition for leave to appeal to address "whether CAFA permits the removal of a class action filed before the Act's effective date if the removing defendant was first added by amendment after the effective date." *Id.* We ultimately held that "whether a post-CAFA amendment triggers a substantive right of removal under CAFA by the affected parties depends on whether the amendment relates back to the pre-CAFA pleading that is being amended." *Id.* at 1289. If the amendment relates back, the commencement date is the date of the original filing of the action notwithstanding the amendment; if the amendment

does not relate back, the action commences at the time of the amendment.

MEPUS and MNGI argue that a petition in intervention never relates back to the original complaint, and, accordingly, under *Prime Care* the instant action commenced when the new plaintiffs intervened. We disagree for several reasons. First, *Prime Care* does not control this case. *Prime Care* addressed the extent to which an *amendment* that added a new defendant altered the commencement date of a lawsuit. *Prime Care* did not address the issue we face here—the extent to which *intervention* might impact the commencement date. Thus, *Prime Care*'s instruction to look to relation-back principles simply has no application on these facts because the plaintiffs in this case have not amended the pleadings.

Second, MEPUS and MNGI paint with too broad a brush when they contend that a petition in intervention never relates back to the filing of the original complaint. In support of their contention, MEPUS and MNGI cite to various cases holding that an intervening plaintiff "commences" a new action for purposes of the statute of limitations. *See, e.g.*, *United States v. Randall & Blake*, 817 F.2d 1188, 1192 (5th Cir. 1987) (noting "almost unanimous agreement among the district courts addressing the question: the filing of the motion for intervention . . . determines the commencement of the action for the purposes of the statute of limitations"); *Wright v. United States Rubber Co.*, 69 F. Supp. 621, 624 (S.D. Iowa 1946) (stating that "it is a general rule that the date of the filing of a petition of intervention is the commencement of a new cause of action" for

purposes of the statute of limitations). *But see Greater N.Y. Health Care Facilities Ass'n v. DeBuono*, 697 N.E.2d 589, 592 (N.Y. 1998) (applying relation-back principles to determine whether an intervening plaintiff's complaint was barred by statute of limitations). MEPUS and MNGI, however, make no compelling argument why we must apply a statute-of-limitations rule in this context. In our view, even if an intervening plaintiff always commences a new action for purposes of the statute of limitations—an issue we do not decide here—we see no reason why such a rule leads inevitably to the conclusion that an intervening plaintiff commences a new action for purposes of a newly enacted statute expanding federal subject matter jurisdiction such as CAFA.

The purpose of the statute of limitations is "to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Order of R.R. Tels. v. Ry. Express Agency, Inc.*, 321 U.S. 342, 348–49 (1944). In other words, "even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation." *Id.* at 349. To effectuate this purpose, those jurisdictions that have adopted the rule have necessarily reasoned that an intervening plaintiff should not be permitted to "piggyback" on the claims of an earlier plaintiff in order to escape the statutory bar that would normally shield the defendant from liability as to the intervenor. The same rationale simply does not apply here: MEPUS and MNGI are not

subject to new liabilities by way of the intervening plaintiffs because the new plaintiffs all appear to fall within the original class definition and because they do not assert any additional claims against MEPUS and MNGI.

We further note that more recent authority permits application of relation-back principles in a situation more analogous to the one at hand—specifically, when a plaintiff amends his complaint to add new plaintiffs and the defendant argues the amendment commenced a new action under CAFA. *See, e.g.*, *Phillips v. Ford Motor Co.*, 435 F.3d 785 (7th Cir. 2006); *Plubell v. Merck & Co., Inc.*, 434 F.3d 1070 (8th Cir. 2006); *Plummer v. Farmers Group, Inc.*, 388 F. Supp. 2d 1310 (E.D. Okla. 2005); *see also* Fed. R. Civ. P. 15 advisory committee's note (1966) ("[T]he attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiff."); *Olech v. Village of Willowbrook*, 138 F. Supp. 2d 1036, 1041–44 (N.D. Ill. 2000) (applying relation-back principles to determine whether newly added plaintiff's claim was barred by statute of limitations); *Tessier v. Moffatt,* 93 F. Supp. 2d 729, 736–37 (E.D. La. 1998) (same).

Finally, MEPUS and MNGI point to no authority, and we have not located any, suggesting that intervening plaintiffs asserting identical causes of action against the same defendants as named in the original complaint change the commencement date of the suit for purposes of CAFA or any other jurisdictional statute. Rather, the weight of the case law supports the opposite conclusion. *See*

*Dubois v. United States Dep't of Agric.*, 102 F.3d 1273, 1295 n.27 (1st Cir. 2006) (noting that, for purposes of a jurisdictional provision in the Clean Water Act, the intervening plaintiff "did not 'commence' this action; it intervened in an existing action"); *see also Phillips*, 435 F.3d at 786–88 (substituting class representative does not alter date of commencement under CAFA); *Plubell*, 434 F.3d at 1071 (same); *Gall v. Gov't Employees Ins. Co.*, 2006 WL 2092611, at *3 (D. Colo. July 27, 2006) (severing claims does not alter date of commencement under CAFA); *Lally v. Country Mut. Ins. Co.*, 2006 WL 2092610, at *3 (D. Colo. July 27, 2006) (same); *Briggs v. Geico Gen. Ins. Co.*, 2006 WL 1897210, at *1–*2 (D. Colo. July 10, 2006) (same); *cf. Pritchett*, 420 F.3d at 1094 ("Although there exist some unique circumstances in which some action other than filing a complaint in court is deemed to 'commence' a lawsuit, we view these as exceptions to the general federal rule that a lawsuit is commenced at a discrete moment in time: the filing of the original complaint in a court of competent jurisdiction." (internal citation omitted)).

Given the authority on the matter, we hold that this action commenced with the filing of the original pleading in May 2001 and that the petition in intervention did not alter this commencement date. Therefore, CAFA does not apply here, and without CAFA's extension of federal jurisdiction over appeals of remand orders, *see* 28 U.S.C. § 1453(c)(1), we do not have the authority to accept MEPUS's and MNGI's petition for leave to appeal the order of the District Court

-11-

remanding this case to state court.  The petition is denied.

## IV.  CONCLUSION

For the reasons explained above, we DENY the petition for leave to appeal.